# Ward *v.* The State.

## Indictment for Murder in the Second Degree.

1. *Indictment for murder in the second degree.*—An indictment charging that the defendant "unlawfully and with malice aforethought, but without deliberation or premeditation, did kill," etc., charges murder in the second degree.

2. *Evidence as to defendant's insanity not admissible under the general issue* —On a trial for homicide, evidence upon the question of the defendant's sanity or insanity at the time of the killing is not admissible under the plea of the general issue, the statute (Sess. Acts 1888-89, p. 742) requiring an issue as to defendant's responsibility by reason of his alleged insanity to be raised by a special plea.

APPEAL from the Criminal Court of Jefferson.

S. J. DARBY, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

WALKER, J.—The appellant was convicted of murder in the second degree. The motion in arrest of judgment raised the question of the sufficiency of the indictment to support the verdict and judgment. The indictment charges that the appellant "unlawfully and with malice aforethought, but without deliberation or premeditation, did kill Ed Chapman *alias* Ed Chatman by shooting him with a pistol, against the peace and dignity of the State of Alabama."

The form given by the Code for an indictment for murder will support a conviction of the offense in either of its degrees.—Code, §§ 4366, 4899, form 62. The indictment in the present case follows that form, with the exception that the words, "but without deliberation or premeditation," are inserted after "malice aforethought."

Malice aforethought is the ingredient in homicide which, at the common law and under our statutes, distinguishes murder from manslaughter. *Gibson v. The State*, 89 Ala. 121. Our statute has classified murder into two degrees.

Vol. 96.

The classification is stated in the following language: "Every homicide, perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious and premeditated killing; or committed in the perpetration of, or in the attempt to perpetrate, any arson, rape, robbery, or burglary, or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed; or perpetrated by any act greatly dangerous to the lives of others, and evidencing a depraved mind regardless of human life, although without any preconceived purpose to deprive any particular person of life, is murder in the first degree; and every other homicide, committed under such circumstances as would have constituted murder at common law, is murder in the second degree."—Code, § 3725. When the homicide is not committed under one of the particular conditions of fact, the existence of either of which, by force of the special provisions of the statute, is sufficient to render the taking of life murder in the first degree, the malice which raises the grade of the offense above manslaughter, but is not accompanied by all the elements of willfulness, deliberation and premeditation, which must concur to constitute murder in the first degree unless the taking of life falls within one of the special conditions mentioned in the statute, may be approximately described as that condition existing in a sane mind in which the purpose to take life unlawfully, or to do great bodily harm, is formed when the person is suddenly excited or maddened by passion as the result of something which does not, however, amount to a provocation sufficient to justify or palliate the taking of life, and when such purpose is executed immediately after its formation and before there was time for reflection, and when there was in fact an absence of either deliberation or premeditation upon the act. —*Smith v. The State*, 68 Ala. 424; *Ex parte Brown*, 65 Ala. 446; *Mitchell v. The State*, 60 Ala. 26; *Handley v. The State*, 55 Ala. 31; *Fields v. The State*, 52 Ala. 348; 9 Amer. & Eng. Encyc. of Law, 542 and 566. This unlawful purpose, though it renders the act voluntary and unjustifiable, yet, as it is formed without weighing or turning the facts in the mind, for howsoever short a time, with a view to decision, and is not the result of previous contrivance or design, is wanting in the elements of deliberation and premeditation, which are necessary to constitute murder in the first degree, unless the taking of life is under one of the special conditions of facts or circumstances enumerated in the statute. When human life is taken by one while in the state of mind, and

[Jones v. The State.]

under the circumstances above mentioned, his act may properly be described as "unlawful and with malice aforethought, but without deliberation or premeditation." The indictment in the present case, is so far as it follows the form prescribed by the Code, sufficiently charges the offense of murder; and the use of the qualifying words, "but without deliberation or premeditation," are appropriate to confine the charge to murder in the second degree. The objections to the indictment were properly overruled.

The evidence offered by the defendant upon the question of his mental capacity at the time of the shooting was relevant only upon an issue as to his responsibility or irresponsibility at that time by reason of his alleged insanity. That issue was not raised by a special plea, as is required by the statute on the subject.—Acts of Ala. 1888-89 p. 742; *Perry v. The State*, 87 Ala. 30; *Maxwell v. The State*, 89 Ala. 150. The evidence was not relevant or admissible under the general issue, and was, therefore, properly excluded.

Affirmed.