[Dannelley v. The State.]

# Dannelley *v.* The State.

*Indictment for an Assault with a Weapon.*

1. *Appeals; charges to be reviewed on appeal must be set out in the bill of exceptions.*—The Supreme Court will not review the trial court's rulings upon charges requested, unless the charges are transcribed in their very language into and made a part of the bill of exceptions; and, therefore, the recital in the bill of exceptions taken in the trial of a criminal case, that "the defendant, among other charges, asked for the general affirmative charge in writing in his favor," upon special pleas of former conviction and former jeopardy, "which were refused by the court, and the defendant thereupon legally and separately excepted to the court's refusal to give each charge as requested," will not authorize the court to review the refusal of the trial court to give the charges referred to.

2. *Same; charges which are not copied in the bill of exceptions, but are attached in an envelope to the transcript will not be considered on appeal.*—Where the bill of exceptions does not set out the charges requested, to the refusal to give which exceptions were reserved, but there is pinned to the transcript an envelope purporting to contain such refused charges, the Supreme Court, on appeal, will not look to the envelope or its contents for the purpose of ascertaining what were the charges asked and refused.

3. *Same; pleading and practice; when pleas shown by bill of exceptions will be considered by appellate court.*—Where on an appeal from a judgment of conviction in a criminal case, the record proper sets forth, as filed by the defendant, the three separate pleas of not guilty, former conviction, and former jeopardy, but the judgment entry recites simply that issue was "joined on defendant's plea of not guilty," while the bill of exceptions states affirmatively that issue was joined on each of said pleas, and shows that the trial was really had upon the pleas of former conviction and former jeopardy, the Supreme Court will consider the case upon the assumption that the trial was had upon each of the pleas filed by the defendant.

4. *Same; joinder of issue on pleas of not guilty and former conviction; validity of judgment.*—Where, on appeal from a
Vol. 130.

[Dannelley v. The State.]

judgment of conviction in a criminal case, it appears that issue was joined on each of the pleas of not guilty, former conviction and former jeopardy, filed by the defendant, and the verdict of the jury responds only to the plea of the general issue, finding the defendant guilty as charged in the indictment, and the judgment entry recites that issue was joined only on the defendant's plea of not guilty, the judgment of conviction rendered upon such verdict will be sustained, and not reversed for the jury's failure to pass upon the special pleas filed. (McCLELLAN, C. J., and HARALSON, J., *dissenting*.)

APPEAL from the Circuit Court of Coffee.

Tried before the Hon. JOHN P. HUBBARD.

The appellant in this case, Bully Dannelley, was indicted, tried and convicted for an assault with a weapon. The material facts of the case are sufficiently stated in the opinion. The judgment from which the present appeal is prosecuted recites: "Issue being joined on defendant's plea of not guilty, came a jury of lawful men, to-wit:  *  *  *  who being duly and legally impannelled and sworn according to law, say 'We, the jury, find the defendant guilty and assess a fine of twenty dollars.' " There then follows a judgment of conviction.

J. H. WILKERSON, for appellant, cited Bishop's New Crim. Law, § 1061; *Moore v. State*, 71 Ala. 310; *Moody v. State*, 60 Ala. 78.

CHAS. G. BROWN, Attorney-General, for the State, cited *Diggs v. State*, 77 Ala. 68; *Child v. State*, 97 Ala. 49; *Jackson v. State*, 97 Ala. 5; *Ryan v. State*, 100 Ala. 105.

McCLELLAN, C. J.—Indictment assault with a pistol. Pleas not guilty, former jeopardy and former conviction. Defendant convicted. Bill of exceptions purports to set out all the evidence. Much of it on each of the issues was oral. After setting out the evidence, the bill of exceptions proceeds: "Thereupon the defendant among other charges asked for the general affirmative charge, in writing, in his favor, on his plea of former conviction, and upon his plea of former jeopardy, which were refused by the court, and the defendant thereupon duly, legally and separately excepted to the

court's refusal to give each charge as requested." This is the only exception reserved on the trial, and it is not stated otherwise than as we have copied it. The charges to the refusal of which the exception was taken are not set out in the bill of exceptions. We cannot review a trial court's rulings upon charges requested unless the charges are transcribed into and made a part of the bill of exceptions: We cannot take any mere statement of what they were which falls short of giving their very language. The wisdom and necessity of this rule is demonstrated in this case. The "general affirmative charge," strictly speaking, is without hypothesis and imperatively directs the verdict; but in the common parlance of the bench and bar a charge with hypothesis, "if the jury believe the evidence they will find" so and so, is also known as "the general affirmative charge," though the phrase "with hypothesis" is often added, in naming such an instruction. Hence, it is that it cannot be said with certainty from the statement we have quoted whether the charges asked by defendant were with or without the hypothesis of the jury's belief of the evidence.

As if to aid and perfect the bill of exceptions in the particular under consideration, somebody has pinned thereto a sealed envelope across one side of which is written: "Refused charges in State v. Bully Dannelley." We cannot look to this envelope or its contents for any purpose; and it has not been opened.

The record proper of the trial court as shown in the transcript before us contains and sets forth three pleas, viz., not guilty, former conviction and former jeopardy. The judgment entry recites that "issue being joined on defendant's plea not guilty, came a jury," etc., etc. The bill of exceptions affirmatively states that issue was joined on each of said pleas, and shows that the trial was really had upon the pleas of former conviction and former jeopardy, the State not only not objecting thereto, but in fact aiding the defendant by admissions of fact tending to establish these special pleas. The judgment entry, though reciting issue joined on the plea of not guilty and not reciting the joinder of issue upon the special pleas, does not *negative* the

joinder of issue upon the latter, and the recital it contains manifestly may be true, and yet it may also be true that issue was joined on the special pleas. Hence, it cannot be said that the statement of the bill of exceptions.that issue was joined on the special pleas, nor the whole course of the trial as set forth in the bill of exceptions showing that the only issues really litigated were those presented by the special pleas, *contradicts* the recital of the judgment entry: The matter is to be regarded rather as a mere omission of the entry to recite *all* the issues made in the case: And on this state of the record before us, the case is to be considered here upon the assumption that issue was joined on each of the pleas.—*Brinson v. Edwards*, 94 Ala. 447; *Richmond & Danville Railroad Company v. Farmer*, 97 Ala. 141; *Andrews v. Birmingham Mineral Railroad Company*, 99 Ala. 438; *Comer & Co. v. Way & Edmundson*, 107 Ala. 300; *McLendon v. Grice*, 119 Ala. 513.

The parties appear to have waived a separate trial on the special pleas. This was irregular but not vitiating. But even in a trial involving all the issues, the verdict must go first to the issues of former jeopardy and former conviction. The verdict here responds only to the general issue: The jury did not by their verdict expressly pass upon the issues of former jeopardy and former conviction presented by the special pleas. For this omission the judgment should be reversed on the authority of *Dominick v. State*, 40 Ala. 680, and *Moody v. State*, 6 Ala. 78. Such is the opinion of the writer and HARALSON, J., but the majority of the court are of the opinion that in view of the recital of the judgment entry above copied it must be held that the only issue in the case was upon the plea of not guilty, and, the jury having responded to this issue, that the judgment must be affirmed.

Affirmed.