# Jackson *v.* The State.

### *Prosecution for Assault and Battery.*

1. *Pleading and practice; plea in abatement; effect of recital of judgment entry as to joinder of issue.*—Where a prosecution is commenced by an affidavit or complaint, and the record discloses that a plea in abatement was filed to the affidavit, but it does not show any disposition whatever of the plea, and the judgment entry affirmatively shows that issue was joined upon the plea of not guilty, a judgment of guilty against the defendant is not erroneous upon the ground that it fails to respond to the issue presented by the plea in abatement.

APPEAL from the County Court of Elmore.

Tried before the Hon. H. J. LANCASTER.

The prosecution in this case was commenced by an affidavit purporting to be made before the judge of the county court of Elmore county, charging the appellant, Phill Jackson, with having committed an assault and battery upon one Lindsey Jeter. It is shown by the record that the defendant interposed a plea in abatement to the affidavit and warrant, upon the ground that they were insufficient for the institution of the prosecution. The cause was tried by the court without the intervention of the jury. The bill of exceptions contains the statement that the facts set forth in the plea of abatement were admitted to be true, and upon the question being submitted to the court, said plea in abatement was overruled.

The judgment entry recites as follows: "The defendant being duly arraigned upon the charge, for his plea thereto says he is not guilty. Issue being joined on this plea, a trial is had, and after hearing all the evidence in the case, it is the judgment of the court that the defendant is guilty of assault and battery. It is further considered and adjudged, etc."

No counsel marked as appearing foɪ appellant.

MASSEY WILSON, Attorney-General, for the State.

TYSON, J.—While the record discloses a plea in abatement to the affidavit, upon which the defendant was arrested and tried, it does not show any disposition whatever of the plea. The judgment entry affirmatively shows that issue was joined upon the plea of not guilty, which excludes any assumption that the issue was joined on the plea in abatement. There is, therefore, no room for the application of the principle that the finding of the court was erroneous in failing to respond to the issue presented by the plea in abatement.—*Dannelley v. State*, 130 Ala. 132, 135.

No error appearing on the record, the judgment of conviction must be affirmed.

Affirmed.