[Campbell v. The State.]

# Campbell *v.* The State.

### *Murder.*

(Decided January 15, 1914. 64 South. 320.)

1. *Homicide; Self-Defense; Voluntary Combat.*—Where a defendant interposed in an altercation between deceased and an elderly man, and defendant, having a weapon on his person, willingly went with deceased out in the road to have it out between them, and the altercation was renewed and defendant killed deceased, defendant was not entitled to the benefit of the law of self-defense.

2. *Same; Degree; Instruction.*—As defined by section 7086, Code 1907, murder in the second degree applies only where the killing is done in a sudden rencounter or affray; hence, under the facts in this case, defendant was not entitled to have the jury instructed that before they could find him guilty of murder in the second degree on the theory that the killing was done with a deadly weapon concealed at the time, the state must show beyond a reasonable doubt that the weapon was concealed, that deceased did not know that defendant had it when the fight commenced, and that defendant was the assailant and provoked the difficulty.

APPEAL from Cullman Circuit Court.

Heard before Hon. D. W. SPEAKE.

Jess Campbell was convicted of murder in the first degree and sentenced to life imprisonment, and he appeals. Affirmed.

Charge 17 referred to is as follows: "The court charges the jury that before they can find defendant guilty of murder in the second degree, upon the ground that the killing was done with a deadly weapon concealed at the time, the state must show by the evidence beyond all reasonable doubt that the weapon was concealed, and deceased did not know that defendant had the pistol when the fight commenced; and, in addition to this, the state must show beyond all reasonable doubt that defendant was the assailant; that he was the aggressor and provoking the difficulty; and, if the jury have any reasonable doubt upon either of these proposi-

tions, then the jury should not find defendant guilty of murder in the second degree on this ground."

F. E. St. John, and Brown & Griffith, for appellant. Counsel discuss the assignments of error relative to evidence, but without citation of authority. Charge 1 should have been given.—*Black v. State,* 59 South. 692; *Twitty v. State,* 168 Ala. 59; *Kennedy v. State,* 140 Ala. 1. On these same authorities, charges 3, 4, 5 and 6 should have been given. Charge 17 should have been given.—Sec. 7086, Code 1907, and authorities cited.

R. C. Brickell, Attorney General, and T. H. Seay, Assistant Attorney General, for the State. Under the facts in this case, defendant was not entitled to instructions embodying the right of self-defense.—*Brown v. State,* 74 Ala. 478; s. c. 83 Ala. 33; *Baker v. State,* 81 Ala. 38. Counsel discuss the other charges refused, but without further citation of authority.

SAYRE, J.—The defendant in this case was convicted of murder in the first degree. There was ample evidence to support the charge and the verdict rendered. The entire effect of the record, so far as it need be determined for the consideration of the exceptions reserved, may be briefly stated as follows: In the course of an angry altercation in a country store, in which deceased and a number of others were engaged, deceased having in his hand an unopened knife, defendant interposed verbally for the protection, as he claims and as may be conceded, of an elderly man who was arrayed against deceased. Thereupon defendant, having a deadly weapon upon his person, willingly, whether upon his own suggestion or at the invitation of deceas-

ed, went with deceased out into the road there to have it out between them. Defendant makes an effort to have it appear that with peaceful intention he went from the store and out into the road, where he killed deceased, but it is clear beyond adverse inference that defendant could find nothing to do in the way of protecting the elderly man out in the road, for that man remained in the store, and that, according to his own testimony, defendant went with deceased, who now had his knife open in his hand, notwithstanding the latter's avowed purpose to renew hostilities on the outside. It is entirely clear, and there could have been no other conclusion, that no occasion of self-defense took defendant into the road, that he was at fault in going there, and that he went there willingly and with full appreciation of the probable outcome. Defendant based his plea of self-defense upon that testimony of some of his witnesses, his own included, which went to show that after they had come into the road deceased actively renewed the difficulty by striking at him with the knife. But one who willingly enters into a combat with deadly weapons cannot find in the doctrine of self-defense any complete justification for taking the life of his adversary. In the case here shown there was no appropriate place for instructions stating the law of self-defense in any of its aspects or branches, and all such charges were properly refused.—*Williams v. State,* 83 Ala. 20, 3 South. 616; *Reese v. State,* 135 Ala. 14, 33 South. 672.

Charge 17 requested by defendant was refused without error. The purpose of the charge was to state the facts necessary to a conviction of murder in the second degree under section 7086 of the Code and the location of the burden of proof. It was properly refused for two reasons: (1) What occurred in the road cannot be said to have constituted a sudden rencounter or affray;

(2) the definition of murder in the second degree, found in section 7086, applies only when the killing is done by the assailant in a sudden rencounter or affray. But the defense rested entirely upon the proposition that deceased was the assailant, and but for the testimony which went to support that version of the difficulty there would have been no shadow of excuse or mitigation. The charge did not apply under the facts.—*Scales v. State,* 96 Ala. 69, 11 South. 121.

There was no error in the court's rulings to which exceptions were reserved during the examination of the witnesses. The questions to which objections were sustained were all argumentative or suggestive and leading, or related to trivial matters which could not possibly in reason have had any effect upon the result of the trial.

After an examination of all questions reserved we have found no error in the record, and the judgment and sentence will be affirmed.

Affirmed.

ANDERSON, MCCLELLAN, and SOMERVILLE, JJ., concur.