[Williams v. The State.]

# Williams *v.* The State.

## *Assault With Intent to Murder.*

(Decided June 30, 1915.   69 South. 376.)

1. *Criminal Law; Intent; Presumption.*—Where a person does an act legally wrong in itself, and the accomplished act is a crime, the law presumes the criminal intent from the act; the presumption being that a person intends to do that which he does, and designs the necessary consequence of his act, unless the contrary appears.

2. *Assault With Intent to Murder; Burden of Proof.*—Where an assault is committed by means and in a manner calculated to produce death, but death does not ensue, an intent to murder does not arise as a necessary consequence, and the burden is on the state to prove beyond a reasonable doubt that at the time of the assault the defendant entertained the intent essential to make the act a felony.

3. *Same.*—The intent constituting an element of the offense of an assault with intent to murder, may rest in inference deducible from all the evidence.

4. *Same; Intoxication.*—One charged with an assault with intent to murder may show that at the time of the assault, he was so intoxicated as to be incapable of forming an intent to murder, but his condition several hours later may not be shown.

5. *Same.*—Where defendant relied on intoxication rendering him incapable of forming the intent to murder, a question asked his wife as to her opportunity to observe the effects of a few drinks of whisky upon him, was improper.

6. *Same; Insanity.*—In the absence of the plea of not guilty by reason of insanity, under section 7176, Code 1907, evidence of defendant's mental weakness and fits of hallucination was not admissible.

7. *Appeal and Error; Harmless Error; Evidence.*—Where defendant had testified that he remembered nothing that occurred after he met a third person and took a drive with him, and knew nothing about an assault on the prosecutor, the sustaining of an objection to the question asked him as to what effect whisky had on him after he was injured, was not prejudicial.

8. *Insanity; Presumption; Burden of Proof.*—Where the evidence establishes without dispute, the commission of a criminal offense by defendant, the law presumes him sane and capable of forming a criminal intent, and if defendant would escape liability, he must offer proof of his incapacity to form the criminal intent at the time, at least sufficient to uphold a reasonable doubt of his capacity.

9. *Assault With Intent to Murder; Evidence; Burden of Proof.*—If the jury have a reasonable doubt, arising out of any part of the evidence after considering all the evidence, whether the defendant

[Williams v. The State.]

entertained the intent to commit murder at the time of the assault, they should not convict of that degree.

10. *Charge of Court; Ignoring Evidence.*—A charge which pretermits a consideration of all the evidence in the case, and requires an acquittal on an hypothesis of part of the evidence is properly refused.

11. *Same; Argumentative.*—Argumentative charges were properly refused, as are charges submitting a defense not supported by any evidence.

12. *Same; Covered by Those Given.*—It is not error to refuse charges substantially covered by written charges given.

13. *Same; Applicability to Evidence.*—The court is not required to give charges stating that there is or is not evidence of any facts in the case.

14. *Assault With Intent; Voluntary Drunkenness.*—Where defendant is charged with assault with intent to murder, his voluntary drunkenness is no defense to the assault.

15. *Same; Burden of Proof; Facts.*—Although the state is required to prove the intent, it need not prove that defendant was mentally capable of forming the intent, since, in the absence of evidence to the contrary, his capacity arises as a presumption of law.

APPEAL from Elmore Circuit Court.

Heard before Hon. W. W. PEARSON.

Sid Williams was convicted of an assault with intent to murder one Boddie, and he appeals. Affirmed.

The facts sufficiently appear. The defendant excepted to the following portions of the court's oral charge: The burden with respect to that proposition rests upon the defendant to create in your mind a reasonable doubt of his ability to form an intent; the presumption being that every man has the capacity to form an intent.

The following charges were refused the defendant: (1) If there is any one fact arising out of the evidence which is sufficient to create a reasonable doubt in the mind of the jury, then you should find the defendant not guilty.

(19) Similar to 1.

(2) Before the jury can convict the defendant, they must be satisfied to a moral certainty, not only that the proof is consistent with defendant's guilt, but that it

is wholly inconsistent with every other rational conclusion, etc.

(10) Motive on the part of the defendant in the committing of the assault need not be shown, but the entire absence of motive may generate a reasonable doubt in the mind of the jury arising out of all the evidence which would negative the criminal intent.

Charges 3, 4, 5, 7, and 8 were based on the doctrine of self-defense.

(20) After considering all the evidence, if the jury have a reasonable doubt of the guilt of the defendant, they will give the benefit of the doubt to the defendant, and return a verdict of not guilty.

(21) If the evidence or part thereof, after a consideration of the whole of such evidence, generates a well-founded doubt of the defendant's guilt, the jury must acquit.

(23) If any member of the jury have a reasonable doubt of the defendant's guilt, growing out of any part of the testimony, on a consideration of all the testimony, then the jury should not find the defendant guilty.

(17) The burden is on the state to convince you beyond a reasonable doubt that the defendant committed the offense as charged in the indictment, and that at the time he was mentally capable of forming the intent, and, if the state has failed to so convince you, then you cannot convict the defendant of an assault with intent to murder.

J. M. Holley, Frank W. Lull, and George M. Smoot, for appellant.

W. L. Martin, Attorney General, and J. P. Mudd, Assistant Attorney General, for the State.

[Williams v. The State.]

BROWN, J.—(1) It is elementary that when a person does an act legally wrong in itself, and the accomplished act is a crime, the law will presume the criminal intent from the act.—*Dotson v. State,* 62 Ala. 145, 34 Am. Rep. 2; *Stein v. State,* 37 Ala. 123; *Hoover v. State,* 59 Ala. 57; *Bain v. State,* 61 Ala. 75; *Gordon v. State,* 52 Ala. 308, 23 Am. Rep. 575; *Sullivan v. State,* 102 Ala. 143, 15 South. 264, 48 Am. St. Rep. 22. The law presumes a person intends to do that which he does and designed the necessary consequences of his act, unless it is shown to the contrary.—*McElroy v. State,* 75 Ala. 9; 1 Greenl. Ev. § 18; 4 Cooley's Bl. Com. 222 N (4).

(2) But the presumption goes no further, and when an assault is committed by means and in a manner that is calculated to produce death, yet death does not ensue, an intent to murder does not arise as a necessary consequence of the assault. Hence the rule in cases of assault with intent to murder, and like offenses, that the burden is upon the state to offer evidence that satisfies beyond a reasonable doubt that at the time of the assault the defendant entertained the intent essential to constitute the act a felony.—*Whitten v. State,* 115 Ala. 72, 22 South. 483; *Martin v. State,* 119 Ala. 1, 25 South. 255; *Wharton v. State,* 73 Ala. 366; *Clemons v. State,* 167 Ala. 33, 52 South. 467. A contrary doctrine was announced in *Fonville v. State,* 91 Ala. 39, 8 South. 688, but that doctrine is expressly repudiated in *Whitten v. State* and *Clemons v. State, supra.*

(3) While proof of the intent to murder is an element of the burden of proof resting on the state, this intent is not susceptible of positive proof, but rests in inference to be drawn by the jury from all the evidence

in the case.—*Reeves v. State*, 95 Ala. 31, 11 South. 158; *Whitten v. State, supra.*

(4) For the purpose of rebutting any inference of the intent to murder arising from the nature of the assault and the acts and conduct of the accused, it was competent for him to show that when the assault was committed he was intoxicated to such a degree that he was incapable of forming and entertaining the intent to murder.—*Gater v. State*, 141 Ala. 17, 37 South. 692; *James v. State*, 193 Ala. 55, 69 South. 569; *Waldrop v. State*, 185 Ala. 23, 64 South. 80; *Walker v. State*, 91 Ala. 76, 9 South. 87; *McCormack v. State*, 102 Ala. 156, 15 South. 438; Underhill, Cr. Ev. § 166.

The assault was committed between sundown and dark on May 5, 1914, and the defendant reached his home between 10 and 11 o'clock that night. There is no evidence of self-defense in the case, and therefore the condition of the defendant at the time he reached his home was, so far as this record shows, wholly immaterial, and the court did not err in sustaining the objection of the solicitor to the question asked Mrs. Williams seeking to elecit testimony as to the condition of the accused when he arrived at his home.

(5) It was not error for the court to sustain the objection to the question asked the witness Mrs. Williams seeking to elicit testimony as to her opportunity for observing "the effect a few drinks of whisky have upon the defendant."—*James v. State, supra.*

(6) The court ruled correctly in sustaining the objection of the solicitor to questions eliciting testimony as to mental weakness and fits or hallucinations of the defendant. This evidence was not admissible in the absence of a plea of "not guilty by reason of insanity." —Code 1907, § 7176; *Morrell v. State*, 136 Ala. 44, 34

South. 208; *Ward v. State,* 96 Ala. 100, 11 South. 217; *Walker v. State,* 91 Ala. 76, 9 South. 87.

(7) No prejudice resulted from the action of the court in sustaining the objection to the question asked the defendant as to what effect whisky had on him after he was injured. The defendant was allowed to testify fully that he remembered nothing that occurred after they met Franklin and took a drink with him, and knew nothing about the assault.

(8) The evidence in this case establishes without dispute, or room for adverse inference, that the assault was committed with a shotgun, the charge therefrom entering one of Boddie's arms, almost severing it from his body, and after he was shot down that defendant beat him over the head with such terrific blows that the gun was broken into pieces and the barrels severed from each other. There being no issue of insanity in the case, and hence no proof thereof, the law presumes that the defendant is sane and capable of forming an intent to murder, and the character of the assault and the means used was sufficient to afford an inference, which it was the province of the jury to draw, that the defendant entertained the necessary intent. In view of this presumption, it was incumbent on the defendant to offer proof of his incapacity to form the intent at the time, at least sufficient to afford a reasonable doubt of his capacity. —*Gater v. State,* 141 Ala. 10, 37 South. 692.

(9) The part of the oral charge of the court excepted to, when read in connection with the charge as a whole, correctly states the law, and is not in conflict with the authorities holding that the burden is on the state to offer proof sufficient to satisfy beyond a reasonable doubt that the defendant entertained the intent to murder at the time the assault was committed, and, if the

[Williams v. The State.]

jury have a reasonable doubt on this point arising out of any part of the evidence after considering all the evidence, they should not convict of the felony.

(10) Charges 1 and 19 refused to the defendant pretermit a consideration of all the evidence, and a similar charge was condemned in *Ex parte Davis,* 184 Ala. 26, 63 South. 1010.

(11) Charges 2 and 10 were argumentative, and were well refused.

(12) There was no evidence of self-defense, and charges 3, 4, 5, 7, and 8 were well refused.—*Campbell v. State,* 185 Ala. 17, 64 South. 320; *Williams v. State,* 83 Ala. 20, 3 South. 616; *Reese v. State,* 135 Ala. 14, 33 South. 672.

(13) The defendant was convicted of the felony, which involved all the elements of the offense charged in the indictment, and, as we have said, the proof showed without dispute that the defendant assaulted Boddie without circumstances of justification. The voluntary drunkenness of the defendant was not available as a defense to the assault.—*Cleveland v. State,* 86 Ala. 1, 5 South. 426; *Morrison v. State,* 84 Ala. 405, 4 South. 402; *Ford v. State,* 71 Ala. 385; *Beasley v. State,* 50 Ala. 149, 20 Am. Rep. 292.

(14) Therefore, assuming that charges 20, 21, and 23 were correct statements of the law and appropriate to the issues in the case, it is clear, in view of the foregoing facts and principles, and the further fact that charge 22 given at the defendant's request correctly stated the doctrine of reasonable doubt as to the higher offense, no prejudice is shown from the refusal of these charges.

(15) On the principle of law stated in the first part of the opinion, charge 17 was properly refused. While the burden was on the state to convince the jury beyond

a reasonable doubt of the defendant's guilt of the offense charged in the indictment before he could be convicted of an assault with intent to murder, when this was done by the evidence the burden was met, and while, as stated, this burden involved proof to that degree of the intent to murder, it did not involve the additional burden of proving that the defendant was mentally capable of forming the intent. His capacity, in the absence of countervailing testimony, arises as a presumption of law.—*Gater v. State, supra.* This charge at least was misleading, if not inherently incorrect.

(16) The court was not required to give charges embodying the statement that there is or is not evidence of a certain fact in the case. Therefore charges 18 is well refused.

We find no error in the record, and the judgment is affirmed.

Affirmed.