### BAKER v. STATE.    (7 Div. 309.)

(Supreme Court of Alabama. Feb. 10, 1923.)

**1. Criminal law ⟜134(4)—Change of venue should be granted where defendant sustains burden of showing that unbiased verdict cannot be reasonably expected.**

The burden is on defendant in a criminal prosecution to show to the reasonable satisfaction of the court that an impartial trial and an unbiased verdict cannot be reasonably expected, and, where it is shown, the application should be granted and the venue changed.

**2. Criminal law ⟜134(1,4)—Opinion evidence admissible on application to change venue, but court should be governed more by facts than by opinion.**

While affidavits of witnesses giving their opinion and conclusion that defendant can have a fair and impartial trial from what they have heard from citizens in the county, without stating facts on which the opinion is based, may be offered in evidence on an application for a change of venue, the better practice is to state the facts on which conclusion is reached, and the court in reaching a conclusion on the application from the evidence should be governed more by the facts of the case than by the mere opinion of witnesses unsupported by the facts.

**3. Criminal law ⟜132—Application for change of venue must be made as early as practicable before trial.**

An application for change of venue must be made as early as possible before trial.

**4. Criminal law ⟜132—Application for change may be made after conviction, upon new trial granted.**

An application for change of venue may be made after conviction, upon a new trial being

<hr>

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

granted, as early as practicable before the next trial, and as directed by Code 1907, § 7851.

**5. Criminal law ⊕~135—Inquiry under application for change after conviction where new trial granted limited to grounds when new application made and heard.**

Under an application for change of venue after conviction and in case a new trial is granted, the inquiry is limited, like before the first trial, to whether accused can have a fair and impartial trial at the second trial, when the new application is made and heard, and not when the former application was made and heard before the former trial.

**6. Criminal law ⊕~286—Special insanity plea must be entered at arraignment, unless court in its discretion permits subsequent entry.**

When a special plea of not guilty by reason of insanity is interposed to an indictment, it must be done at the time of arraignment, and entered of record upon the docket of the court, but it is within the sound discretion of the court for it to be interposed subsequently (Code 1907, § 7176).

**7. Criminal law ⊕~1144(4)—Where final judgment recites case tried on plea of not guilty, presumed that insanity plea was abandoned.**

Where in a prosecution for murder in the first degree accused did not enter a special plea of insanity when arraigned, but the court permitted it to be entered after the ruling on motion for change of venue, and, when the indictment was subsequently read to the jury, accused entered only a plea of not guilty, and issue was joined thereon by the state, as shown by the judgment entry, the court will presume that the special plea of insanity was abandoned by accused.

**8. Criminal law ⊕~300—Evidence of mental responsibility of accused inadmissible under plea of not guilty.**

Where plea of not guilty was presented to the jury by accused, and issue was joined thereon by the state, evidence of the mental responsibility or irresponsibility of accused at the time of the commission of the alleged offense was inadmissible.

**9. Criminal law ⊕~385—Relative age of parties in a difficulty competent evidence.**

The relative age of parties in a difficulty is competent evidence.

**10. Witnesses ⊕~379(1)—Proper on cross-examination to inquire as to former contradictory statements as to testimony.**

To test the memory of witnesses it is proper on cross-examination to inquire as to former contradictory statements made by them concerning the subject-matter of their testimony.

**11. Witnesses ⊕~383—Improper to permit impeachment of witness by former contradictory statements as to age of accused, admittedly over age of 14 years.**

Where, in a prosecution for murder in the first degree, accused was over the age of 14 years, and hence under Code 1907, § 7175, presumed to be responsible for his acts, it was highly improper for the court to permit the cross-examination of the father of accused as to former contradictory statements made by

him as to the age of his son for impeachment purposes, or to allow the state to impeach the testimony by the testimony of the notary public and sworn statement, in which the father prior to his testimony fixed the age of his son.

**12. Witnesses ⊕~383—Cannot be cross-examined on immaterial matter to lay predicate for impeachment.**

Witnesses cannot be questioned about an immaterial matter, on cross-examination for the purpose of laying a predicate to impeach or contradict them.

**13. Homicide ⊕~179—Age of accused admittedly over 14, inadmissible under plea of not guilty to show ages when insanity most liable to develop.**

In a prosecution for murder in the first degree, where it was undisputed that accused was over 14 years of age and the only plea entered was not guilty, evidence of the sanity or insanity of accused was inadmissible, and hence the age of accused, as to whether he came within the age where insanity was most liable to develop, was inadmissible.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Talmage Baker was convicted of murder in the first degree, and he appeals. Reversed and remanded.

E. O. McCord & Son, of Gadsden, for appellant.

The mere expressions that one accused of crime can or cannot have a fair and impartial trial are worthless as evidence, unless supported by sufficient reasons testified to as facts. 126 Ala. 20, 28 South. 595; 104 Ala. 1, 16 South. 523; 105 Ala. 31, 16 South. 716. A witness may not be impeached on an immaterial matter. 68 South. 673; 112 Ala. 1, 21 South. 214; 10 Ala. App. 182, 64 South. 520; 207 Ala. 609, 93 South. 528.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The inquiry, on application for a change of venue, is limited to the time of the application, not at some prior date. 104 Ala. 1, 16 South. 523; 89 Ala. 56, 8 South. 66; 88 Ala. 37, 7 South. 302; 84 Ala. 410, 4 South. 521; 105 Ala. 31, 16 South. 716; 179 Ala. 27, 60 South. 908; 181 Ala. 58, 61 South. 352. The age of the defendant was a material issue in the case, and the rule laid down in 207 Ala. 663, 93 South. 529, does not apply.

MILLER, J. Talmage Baker was indicted, tried, and convicted of murder in the first degree. His punishment was fixed by the jury at death. He is charged with killing Charley Cox, a merchant who operated a store in a thickly settled neighborhood, and on a car line near Gadsden, Etowah county. The defendant, who resided near by, entered the store about 9 o'clock on

Christmas Eve, 1921, wearing a slicker, with a black stocking pulled over his head, goggles over his eyes, gloves on his hands, and a .32 automatic pistol in his hand. Cox was in a chair near the heater at the back of the store. Police Officer Scott was sitting back of the heater, and Elmer, son of Cox, was near his father. The store was poorly lighted in the rear and where the heater was located, but well lighted in front, both inside and out. When the defendant entered the store, he walked two or three feet in the aisle from the front, and demanded "Hands up!" The demand was made a second time, and the hands of Cox and his son went up. Then a pistol duel ensued between the defendant and Policeman Scott; the former using a .32 automatic pistol, and the latter a .45 Colts automatic. Charley Cox was killed during the duel. There was evidence that the wound causing his death was made by a .32, and some evidence that it was made by a .45 pistol ball. The policeman was shot in the hand, and the defendant was shot in the hip and hand.

[1] The defendant made application in writing for change of venue, setting forth specially the reasons why he could not have a fair and impartial trial in Etowah county, in which the indictment was found. The application was denied by the court, and the defendant duly excepted to it. The defendant and the state offered much testimony in the form of affidavits, pro and con, on this application. The burden is on the defendant "to show to the reasonable satisfaction of the court that an impartial trial and an unbiased verdict cannot be reasonably expected"; and, when it is shown, the application should be granted, and the venue changed. Seams v. State, 84 Ala. 410, 4 South. 521; section 7851, Code 1907; Godau v. State, 179 Ala. 27, 60 South. 908; Adams v. State, 181 Ala. 58, 61 South. 352.

[2] Affidavits of witnesses, giving their opinion and conclusion that defendant can have a fair and impartial trial from what they have heard from citizens in the county, without stating facts on which the opinion is based, may be offered in evidence on the application; but the better practice is for the witness to state the facts on which his conclusion is reached, and the court in reaching a conclusion on the application from the evidence should be governed more by the facts of the case than by the mere opinion of witnesses, unsupported by facts. Seams v. State, 84 Ala. 413, 4 South. 521.

[3-5] An application for a change of venue must be made as early as practicable before the trial. It may also be made after conviction, upon new trial being granted, by application as directed by statute, as early as practicable before the next trial. Section 7851, Code 1907. In our opinion the defendant did not meet by the proof the burden resting on him under this application. It does not affirmatively appear from the record that the court erred in denying the application. We think it best for us not to discuss the evidence, and show why we are so convinced, as the judgment must be reversed and a new trial granted for the errors hereinafter shown. The application for a change of venue may be renewed before another trial, and the evidence thereon may be similar, cumulative, or entirely different; and any discussion by us of this testimony might prejudice the next hearing if the application is renewed. Under an application for change of venue before the next or second trial, the inquiry is limited, like before the first trial, to whether the defendant can have a fair and impartial trial, then—at the second trial—when the new application is made and heard, and not when the former application was made and heard before the former trial. Hawes v. State, 88 Ala. 37, 7 South. 302; Crenshaw v. State, 207 Ala. 438, 93 South. 465.

Charley Cox was killed, December 25, 1921. The indictment against the defendant for the alleged offense was returned into court February 14, 1922. The defendant was duly arraigned on it, and pleaded not guilty to it on February 22, 1922, and this plea was entered of record. The court on March 6, 1922, overruled the motion for change of venue, and then also entered on the record this:

"To the ruling and action of the court in overruling said motion for change of venue the defendant then and there excepted, and the defendant further pleads 'not guilty' by reason of insanity."

This is the judgment entry on the trial of the defendant by the jury, showing the issue and verdict of the jury thereon:

"On this the 10th day of March, 1922, come M. C. Sivley, solicitor for the state in this behalf, and the defendant in open court in person and by attorneys, and, being so continuously in open court during the progress of the trial of this case, and in open court heretofore duly arraigned and hearing the indictment against him read, pleaded not guilty thereto, and the issues being joined on defendant's said plea, thereupon comes a jury of good and lawful men, to wit, J. D. Lee and 11 others, who being duly elected, impaneled, sworn, and charged according to law, upon their oaths do say, 'We the jury, find the defendant guilty of murder in the first degree as charged in the indictment, and fix his punishment at death by hanging.'"

There is considerable evidence in the record on the insanity of the defendant. Was that issue before the jury? The state in its brief says to the court:

"The result, therefore, is that, since the final judgment recites that the case was tried on the plea of the general issue only, whatever appears in the record with reference to a plea of

insanity is outside of the issues on which the case was tried."

Is this correct?

In Jackson v. State, 142 Ala. 56, 37 South. 920, this court wrote:

"While the record discloses a plea in abatement to the affidavit, upon which the defendant was arrested and tried, it does not show any disposition whatever of the plea. The judgment entry affirmatively shows that issue was joined upon the plea of not guilty, which excludes any assumption that the issue was joined on the plea in abatement."

In Dannelley v. State, 130 Ala. 132, 30 South. 452, pleas of not guilty, former jeopardy, and former conviction were entered, and evidence was shown by the bill of exceptions to have been introduced on those pleas, and rulings of the court thereon by charges requested by the defendant, but the judgment entry recites, "Issue being joined on defendant's plea of not guilty, come a jury of good and lawful men, to wit," etc. The court in the opinion wrote:

"The majority of the court are of the opinion that, in view of the recital of the judgment entry above copied, it must be held that the only issue in the case was upon the plea of not guilty, and, the jury having responded to this issue, that the judgment must be affirmed."

In Providence S. L. Ins. Soc. v. Pruett, 157 Ala. 546, 47 South. 1022, the court wrote:

"The judgment entry informs us that the case was tried on issue joined on pleas 52, 53, 54, and 55. The recital is such as to preclude inference of any other issue in the case. Such being so, we cannot look elsewhere for the purpose of ascertaining and determining that there were other issues. It is a matter in which the recital in the judgment controls. If the judgment were silent as to the issues, or so vague, indefinite, and uncertain in its recitals as not to inform, then it is permissible to look elsewhere to determine what were the issues. But such is not the case here. The issues were expressly and definitely stated, and this express statement of what the issues were, under familiar rules of construction, is exclusive of inferences of any other issues. Dannelley v. State, 130 Ala. 132, 30 South. 452; Jackson v. State, 142 Ala. 55, 37 South. 920. In support of the judgment of the lower court, it will be presumed that all other pleas than those on which issue was joined were withdrawn or abandoned by the defendant."

In Pabst Brew. Co. v. Erdreich Bros., 158 Ala. 148, 48 South. 397, we find:

"The judgment entry recites that the trial was had on 'issue joined on the defendants' plea of tender.' This recital in the judgment entry is conclusive, and excludes all presumption of joinder of issue on any other plea. Dannelley v. State, 130 Ala. 132."

In Doss v. Wadsworth Red Ash Coal Co., 185 Ala. 601, 64 South. 342, the court wrote:

209 ALA.—10

"This court has adopted the rule that the judgment entry is, when clear in its recitals, the controlling source of information as to what pleading constituted the issues upon which the trial was had. Providence, etc., Co. v. Pruett, 157 Ala. 540, 546, 547, 47 South. 1019; Dannelley's Case, 130 Ala. 132, 30 South. 452; Jackson's Case, 142 Ala. 55, 37 South. 920. In the Pruett's Case, supra, it was said: 'If the judgment were silent as to the issues, or so vague, indefinite, and uncertain in its recitals as not to inform, then it is permissible to look elsewhere to determine what were the issues.'"

[6] This defendant was arraigned under the indictment, February 22, 1922, and pleaded not guilty thereto, which was entered of record. When a special plea of not guilty by reason of insanity is interposed to an indictment, it must be done at the time of arraignment, and entered of record upon the docket of the court; but it is within the sound discretion of the court for it to be interposed subsequently. Section 7176, Code 1907; Morrell v. State, 136 Ala. 44, 34 South. 208.

[7] The defendant did not enter a special plea of insanity when arraigned; the court permitted it to be entered on the docket March 6, 1922, after ruling on the motion or application for change of venue; but on March 10, 1922, when the indictment was read to the jury, the defendant entered only the plea of not guilty, and issue was joined thereon by the state. This is clear, certain, and definite in the judgment entry on the trial of the case. This being true, from the judgment entry we cannot look elsewhere in the record for the issue. The judgment entry will control as to the issue on which the case was tried. The judgment entry will be conclusive, and the court will presume the special plea of insanity was abandoned by the defendant. Authorities supra. So it appears, and is true, as stated by the state in its brief:

"Since the final judgment recites that the case was tried on the plea of not guilty, whatever appears in the record with reference to a plea of insanity is outside of the issues on which the case was tried."

[8] There was only one plea, not guilty, presented to the jury by the defendant, as shown by the judgment entry on the trial of the case. Issue was joined thereon by the state. Under that issue the evidence of the mental responsibility or irresponsibility of the defendant at the time of the commission of the alleged offense was not relevant or competent to go to the jury. It was not admissible under the issue on plea of not guilty. Ward v. State, 96 Ala. 100, 11 South. 217; Williams v. State, 13 Ala. App. 133, headnote 6, 69 South. 376; Matthews v. State, 16 Ala. App. 514, headnote 4, 79 South. 507.

The father and mother of the defendant testified that defendant was 18 years of age

on January 6, 1922. The court permitted the state, over objections of the defendant, to lay predicate as to each witness to show that they had made contrary statements as to the age of the defendant; that in 1919 each had stated the defendant was then 18 years of age; and that Mr. Baker [the father] on February 27, 1919, made a sworn statement in writing before a notary public that defendant was then 18 years of age, for the purpose of securing a job for him with the Gulf States Steel Company, in which affidavit he stated that the defendant was born on January 6, 1901. The court permitted the notary public, over defendant's objection, to testify that Mr. Baker signed that affidavit before him after being duly sworn; and the affidavit, over the objection of defendant, was introduced in evidence. The defendant duly reserved exceptions to this testimony being allowed to go to the jury by the court. The court stated to the jury:

"That paper is permitted to go to you for one purpose only, and that is to illustrate the testimony of Wm. Baker."

To this the defendant objected, and duly excepted. The court then stated to the attorney for the defendant:

"I will let it go in for all purposes if you want it to."

The attorney made no answer to the court. The court permitted the sworn statement over objection of the defendant to be read as evidence to the jury, and the defendant duly excepted.

[9-11] The relative age of parties in a difficulty is competent evidence. It is not disputed that defendant was at least 18 years of age on January 6, 1922. Gunter v. State, 111 Ala. 23, 20 South. 632, 56 Am. St. Rep. 17. To test the memory and accuracy of the statements of the father and mother of the defendant as to his age being 18 years on January 6, 1922, it was proper on cross-examination to inquire as to statements made to the officers of the Gulf States Steel Company as to his age to secure employment of him by it, for arriving at the proximate age of the defendant; but it was highly improper for the court to permit it for the purpose of impeaching his father, and to allow the state to impeach the testimony by the notary public and the sworn statement delivered to an officer of the Gulf States Steel Company on this subject. He was over 14 years of age—the age a person is presumed to be responsible for his acts—on December 25, 1921, when the alleged offense was committed. Section 7175, Code 1907.

[12] One Duerr, witness for the defendant, now claim agent of the Gulf States Steel Company, testified, over objection and exception of the defendant, that the foregoing sworn statement of defendant's father as to his age was handed to him by the defendant in 1919. It did not tend to prove his guilt or innocence of the charge. Whether he was 18 or 21 years of age on December 25, 1921, was a collateral, irrelevant matter to the issue, and his father's and mother's testimony on that subject could not be impeached. Witnesses cannot be questioned about an immaterial matter on cross-examination for the purpose of laying a predicate to impeach or contradict them. This testimony was highly prejudicial to the defendant. It impeached his father and mother before the jury on a collateral, immaterial matter, and it connected him with it. He delivered the statement to the claim agent of the Gulf States Steel Company. Rosenbaum v. State, 33 Ala. 354; Washington v. State, 63 Ala. 189; Nolan v. State, 207 Ala. 663, 93 South. 529; Crawford v. State, 112 Ala. 1, headnote 4, 21 South. 214; Blakey v. Blakey, 33 Ala. 611, headnote 7; Ortez v. Jewett, 23 Ala. 662, headnote 3.

[13] The state insists that it was material in this case whether defendant was 18 or 21 years of age when the offense was committed, because there was evidence offered by the defendant that there are two periods in life where insanity by inheritance or otherwise is likely to develop; that is, the age of puberty and the change of life at 45 years of age. Puberty in a boy comes from 8 to 14 or 16 years of age under the evidence. This evidence as to sanity or insanity of the defendant, under the issue on the plea of not guilty alone interposed by the defendant to the jury, was irrelevant and incompetent in the case. Not guilty was the only plea in issue. Whether the defendant was 18 or 21 under that issue was immaterial, whether the defendant was sane or insane was immaterial under that issue, and it was undisputed that he was over 14 years of age on December 25, 1921, when the alleged offense was committed. Ward v. State, 96 Ala. 100; 11 South. 217, and authorities supra.

There are numerous exceptions in the record. Many are pressed and insisted on in the argument of appellant as reversible errors. This we need not decide. Issue was joined on only one plea, that of not guilty. There is much evidence, pro and con, on the insanity of the defendant, which was not put in issue before the jury as the law directs. The evidence and the law given by the court do not harmonize with the single issue, as there was evidence on insanity, and the court charged the jury on insanity, and this was foreign to the issue. So we consider useless a discussion of and passing on the other exceptions and assigned errors in argument of appellant; no good can be accomplished by it. It would not assist the court in another trial. The same questions will

hardly arise on the next trial; if they do, they will be presented in a different form, and under probably different issues.

For the errors mentioned, the judgment is reversed, and the case remanded.

Reversed and remanded.

All the Justices concur.