LEIGH M. CLARK, Retired Circuit Judge.
This is an appeal from a denial of appellant’s petition for writ of error coram nobis, in which he prayed for a new trial of a case in which he was convicted of murder in the first degree, which was affirmed on June 15 and rehearing denied August 24, 1976. Alexander v. State, 337 So.2d 99. The petition was presented pro se and filed on March 7,1979. On May 23, 1979, the State filed a motion to dismiss the petition. The petition was set for hearing on August 15, 1979, at which hearing defendant appeared and was represented by the same counsel who represented him on appeal in Alexander v. State, supra, and who represents him on this appeal.
Notwithstanding the vagueness of the petition, it is to be gleaned therefrom that petitioner’s complaint was chiefly to the effect that he was insane at the time of the alleged crime, that he pleaded not guilty and not guilty by reason of insanity upon his arraignment, but that either the first attorney, the public defender for Tuscaloosa County, or the second attorney representing him in the trial court, Mr. Louis Borghese, or both, failed to utilize to his benefit his plea of not guilty by reason of insanity. On the hearing of the petition, the testimony of the petitioner and the testimony of the two attorneys were presented.
We are indebted to the trial judge for his resume of the testimony, governing principles of law, and the reasons that persuaded him to render the judgment from which this appeal is taken, as shown by the following part of the court's “Order”:
“IT IS THE FINDING OF THE COURT, after hearing all of the testimony, reviewing the records of this Court, including the record of the trial and appeal of the original case made a basis of the petition herein, and observing the demeanor of the witnesses that the evidence presented by the Petitioner does not support the allegations made in his Petition.
“This Court finds that Petitioner was represented by able and competent counsel whose representation was not pro forma. Powell v. Alabama, 287 U.S. 45 [, 53 S.Ct. 55, 77 L.Ed. 158] (1932). Petitioner was ably defended by counsel during a long, involved trial which was not a farce, a mockery of justice or shocking to the conscience; nor was the representation of his counsel perfunctory, in bad faith, a sham, pretense or without opportunity for conference and preparation. Williams v. Beto, 354 F.2d 698 (5th Cir. 1965); Lewis v. State, 367 So.2d 542 (Ala.Cr.App.1979).
“The evidence and records show that at arraignment prior to his trial, Willie Fred Alexander, was represented by members of the Public Defender’s Office of Tuscaloosa County, Alabama. During the arraignment pleas of not guilty and not guilty by reason of insanity were entered to protect the accused who was charged with Murder in The First Degree. These *391 pleas were entered routinely without a factual investigation and without any evidence of insanity or incompetence in the past of the accused because not to enter the plea of not guilty by reason of insanity could constitute a waiver under Alabama procedure, § 15-16-1, Code of Alabama (1975); Baker v. State, 209 Ala. 142, 95 So. 467 (1923); and the entering of such a plea subject to ascertaining whether or not any justification exists for the plea causes no harm. The entering of such a plea at arraignment and subsequent withdrawal or abandonment of the plea is common practice, particularly in homicide cases or appointed counsel cases. “The evidence demonstrates that the Petitioner’s later-appointed counsel conferred with Petitioner both in Tuscaloosa and in Birmingham where Petitioner was incarcerated pending trial on another Murder charge. Numerous witnesses were subpoenaed for the defense. The record demonstrates more than adequate representation with more than sufficient preparation.
“At no time did Petitioner’s competency to stand trial or Petition’s sanity, either at the time of the trial or at the time of the charged offense, come into question in the minds of the Public Defenders or the appointed trial counsel. There was a complete lack of any evidence of past mental treatments or anything else to put one on notice of possible mental incompetency or insanity. Defense counsel in this case was exceptionally capable of evaluating the Petitioner’s actions in view of his education in the mental health field. “This Court is simply unable to find anything in the records or the evidence presented to indicate other than full, adequate representation of Petitioner throughout his trial and the preparations therefor.
“THEREFORE, IT IS THE ORDER AND JUDGMENT OF THE COURT, that the Petition is due to be, and the same hereby is denied.
“This the 24th day of August, 1979.”
Our view of the evidence and the applicable principles of law corresponds with the view expressed by the trial court. Its judgment should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.