[Providence Saving Life Insurance Society v. Pruett.]

# Providence Saving Life Insurance Society *v.* Pruett.

*Action on Insurance Policy.*

(Decided Nov. 28, 1908.  47 South. 1019.  Rehearing denied
Dec. 24, 1908.)

1. *Appeal and Error; Decision on Former Appeal.*—A decision on a former appeal is the law of the case on a re-trial.

2. *Same; Harmless Error; Rulings on Pleadings.*—It was harmless error to sustain demurrers to certain pleas setting out the substance of a contract of insurance, where it is shown that issue was joined upon a plea setting out the contract of insurance in full.

3. *Same; Issues; Judgment Entry; Presumption.*—Where the judgment entry recites that the case was tried on issue joined on certain numbered pleas, it will be presumed on appeal that there were no other issues in the case, and that all other pleas than those on which issue was joined were abandoned or withdrawn.

4. *Insurance; Action on Policy; Issue.*—Where the only pleas on which issue was joined charged that the policy was obtained on fraudulent statements by the insured, which he knew to be fraudulent when he made the application, no question of breach of warranty is raised, and nothing more is involved than mirepresentations material to the risk.

5. *Same; False Representation; Fraud.*—A plea alleging that an insurance policy was obtained by fraud is not sustained by mere representations or false statements of insured in procuring the policy.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Action by Oscar J. Pruett against the Provident Saving Life Insurance Company.  Judgment for plaintiff.  Defendant appeals.  Affirmed.

The history of the case is sufficiently stated in the opinion of the court.  Pleas 52, 53, 54, and 55, as originally filed, are as follows:  "(52) The policy sued on was issued by defendant on the written application of the assured, in which he represented that he had never had any disease of the liver, which statement was fraud-

ulent, in this: that the assured had had malarial fever and enlarged liver in, to wit, 1888, which assured knew when he made such application." (53) Same as 52, except it alleges that he had never had any sickness or infirmity, except jaundice in 1893, from which he had made a good recovery, and that such representation was fraudulent, since assured had had jaundice in 1884. (54) Same as 53, with the allegation that assured had had la grippe in 1888. (55) Same as 53, except the allegation that assured had had hemorrhage from the stomach and ulcer of the somach prior to said application. The judgment entry as to joinder of issues sufficiently appears in the opinion.

The defendant offered in evidence the deposition of William E. Stephens, to which plaintiff had duly filed his objections separately and severally to the questions, which objections were sustained by the court: "Question 1. Was said application submitted to the medical director of said society when it was received, and, if so, for what purpose was said submission made?" Objection was interposed that it called for the undisclosed motive or intention of defendant, and not for a statement of facts, and it was immaterial, irrelevant, and illegal. "(2) Would said policy have been issued without his approval? (3) Did you examine application of Seth Green Pruitt, hereto annexed, for the purpose of determining whether a policy of insurance should be issued thereon by the society? (4) Was the policy hereto annexed issued as a result thereof? (5) If said application had shown an answer to question 15, part II thereof, that the application had had or then had any disease of the liver, would the said policy then have been issued? (6) If said application had shown such fact or condition, what would the society have done with reference to said application and the issue of a policy there-

on   (7) If said application had shown, in answer to question 18, part II of said application, that sometime between 1885 and 1887, or in 1887 or 1888, that said applicant had had a severe attack of malarial fever, with an enlarged liver, would you have approved said application?   (8) Under such conditions, would said policy have been issued?   (9) If you should say, in response to any of the above questions, that said application would not have been approved, and that said policy would not have been issued, state fully and particularly why.   (10) If said policy had shown, in answer to question 15, part II of said application, that the applicant then had or had even had pulmonary trouble, or pulmonary tuberculosis, would said policy have been issued?   (11) If said application had shown such a fact or condition, what would said society have done with reference to issuing said policy?   (12) If you say, in response to any of the questions in this interrogatory, that no policy would have been issued, state fully and particularly why, and the facts supporting your answer." Similar questions were propounded to other medical directors and answered. Objections the same as those stated to question 1 were sustained to all the other questions and answers.

The following charges were requested by defendant: (1) "The court charges the jury that if they find from the evidence that the assured had jaundice, not mentioned in his application, prior to the date of his application for the policy sued on, they must find a verdict for defendant."   (2) General affirmative charge to find for the defendant.   (3) "The court charges the jury that, if they find the assured had malarial fever and an enlarged liver prior to his application thereon, such malarial fever and enlarged liver was material to the risk."   (4) "The court charges the jury that hemorrhage from the stomach and ulcer of the stomach, if had by the

assured prior to his application therein, would be material to the risk." (5) "The court charges the jury that jaundice, if had by the assured prior to his application herein, would be material to the risk." (6) Same as 5, except lagrippe in place of jaundice. (7) Same as 5, except disease of the liver in place of jaundice. (8) Same as 5, except malarial fever and enlarged liver in place of jaundice. (9) "The court charges the jury that the evidence shows conclusively that the assured had a disease of the lungs on the date of his application herein." (10) "The court charges the jury that the evidence shows conclusively that the assured had pulmonary tuberculosis at the date of his application herein." (11) "If the jury believe from the evidence in this case that the assured knew, when he made his application for the policy sued on, that he had had hemorrhage from the stomach and ulcer of the stomach prior thereto, they must find a verdict for defendant." (12) "The court charges the jury that, if they find from the evidence that the assured had had la grippe prior to the date of his application for the policy sued on, they must find a verdict for defendant." (13) Same as 12, except hemorrhage and ulcer of the stomach in place of la-grippe. (14) Same as 12, except disease of the liver in place of la grippe. (15) Same as 12, except malarial fever and enlarged liver in place of la grippe. (16) "The court charges the jury that, if assured made any false representation to the insurer in his application in this case in any matter material to the risk, plaintiff cannot recover." (17) "The court charges the jury that if the representations made by the assured in his application were made material by an agreement between him and the insurer, and the jury find from the evidence that any of such representations were false, plaintiff cannot recover therein." (18) " The court charges the jury that the evidence shows conclusively

that the assured had had jaundice prior to the date of his application therein, not mentioned in said application." (19) "The court charges the jury that, if they find from the evidence in this case that the assured made any false statement or misrepresentation in his application for the policy sued on, they must find a verdict for defendant." (20) "If the jury believe from the evidence in this case that the assured knew, or had reason to believe, when he made his application for the policy sued on, that he had had malarial fever or an enlarged liver prior thereto, they must find a verdict for defendant." (21) "The court charges the jury that the assured agreed with the insurer in this case that all statements and representations made by him in his application were material." (22) "The court charges the jury that a disease of the lungs, if had by the assured prior to his application therein, would be material to the risk."

FRED. S. BALL and J. M. CHILTON, for appellant.

S. H. DENT, JR., and LEE H. WEIL, for appellee.

DOWDELL, J.—This is the second appeal in this case.—*Providence Savings Life Assur. Soc. v. Pruett,* 141 Ala. 688, 37 South. 700. Rulings of the lower court on the pleadings were then considered, wherein it was adjudged that certain pleas were subject to the demurrers interposed. Upon the trial, after affirmance of the judgment on the pleadings on the former appeal, the defendant withdrew all pleas theretofore filed, and then by leave of the court filed pleas numbered from 1 to 64, inclusive, which were demurred to by the plaintiff, except plea No. 1, being the general issue.

Pleas Nos. 4, 7, and 9 are the same as pleas 5, 8, and 10 held bad on former appeal, except the words "among other things" are omitted. Demurrers were sustained.

to these pleas; the grounds being the same as interposed to pleas 5, 8, and 10 on former appeal, with the additional grounds that they failed to show the insurance contract was violated in spirit, intent, or substance by the alleged false statements, and that the legal effect of an instrument can only be pleaded by setting out the instrument in substance. The pleader therefore amended these pleas by alleging that by said contract, taken as a whole, the assured, Seth G. Pruett, warranted as true the statements alleged to be false. Demurrers upon the grounds stated above were sustained to the pleas as amended, and the pleas were again amended by setting out the contract, the conditions of which were alleged to have been breached in its entirely. As thus amended, demurrers were overruled. The history of these pleas applies to pleas 2, to 13, inclusive. Pleas 14 to 35, inclusive, state the warranty in another form, and the history of their amendment and reamendment is as above stated. Demurrers were overruled to these pleas as last amended. Pleas 36 to 44 state the warranty in still another form, and they were amended and reamended as above stated, and, as last amended, the demurrers to these pleas were overruled. Pleas 45 to 51 set up misrepresentations of matters alleged to be material to the risk. After amendment by setting out the contract, demurrers to these pleas were overruled. Pleas 57 to 64 set up misrepresentations as to crtain matters, and allege that they were agreed by the assured and the insurer to be material to the risk. Demurrers were interposed to these pleas, and, after amendment by setting out the entire contract between the parties, the demurrers were overruled.

At this stage of the pleadings and the ruling thereon the judgment entry recites: " And the plaintiff replies generally to all pleas of the defendant, and files special replication A and the defendant's demurrer to special

35 R

replication A being argued by counsel and understood by the court, it is considered and ordered by the court, and it is the judgment of the court, that the said demurrer to special replication A be and the same is hereby sustained; and the plaintiff withdraws his demurrers to pleas 52, 53, 54, and 55, and the defendant withdraws its amendment to pleas 52, 53, 54, and 55, and the court withdraws its rulings on the demurrers to pleas 52, 53, 54, and 55, and the plaintiff joins issue on pleas 52, 53, 54 and 55 as originally filed. And issue being now joined between the parties thereupon came a jury of good and lawful men," etc. It is to be observed that the effect of the rulings of the court on the demurrers to the special pleas required the defendant to set out the contract of insurance in full, instead of the substance merely, as it had attempted to do in said pleas. The defendant, in conforming to the rulings of the court in this respect, secured a favorable ruling, and in setting out the contract in full secured every benefit to itself sought to be obtained by merely setting out the substance of the contract. In this it is manifest, if any error was committed, it was error without injury.

The judgment entry informs us that the case was tried on issue joined on pleas 52, 53, 54, and 55. The recital is such as to preclude inference of any other issue in the case . Such being so, we cannot look elsewhere for the purpose of ascertaining and determining that there were other issues. It is a matter in which the recital in the judgment controls. If the judgment were silent as to the issues, or so vague, indefinite, and uncertain in its recitals as not to inform, then it is permissible to look elsewhere to determine what were the issues. But such is not the case here. The issues were expressly and definitely stated, and this express statement of what the issues were, under familiar rules of construction,

is exclusive of inferences of any other issues.—*Dannelley v. State*, 130 Ala. 132, 30 South. 452; *Jackson v. State*, 142 Ala. 55, 37 South. 920. In support of the judgment of the lower court, it will be presumed that all other pleas than those on which issue was joined were withdrawn or abandoned by the defendant. The pleas on which issue was joined, namely, 52, 53, 54, and 55, each and all charges that the policy of insurance was obtained on fraudulent statements made by the assured, and which he knew to be fraudulent when he made his application. The issue thus made did not involve the question of breach of warranty in the contract sued on, and did not involve more than mere misrepresentations material to the risk. These questions cannot, therefore, be regarded as anything more or less than moot questions in the case, which we decline to consided, although argued by counsel.

The evidence sought to be introduced, taken on interrogatories to certain witnesses, and which was excluded by the court at the instance of the plaintiff, was properly excluded. This evidence, under the issue, was wholly irrelevant and immaterial.

The defendant requested a number of written charges, all of which were refused. As we have stated, the only question in the case was that of fraud in procuring the insurance. Mere misrepresentations or false statements were not enough, alone and of themselves, to support the averments of fraud in the pleas on which issue was joined. The charges requested sought a recovery on evidence or proof far short of that necessary to sustain the averments of the pleas. The court properly refused each and all of the charges as requested.

We find no reversible error in the record, and the judgment will be affirmed.

Affirmed.

Tyson, C. J., and Simpson and Denson, JJ., concur.