# Zavello *v.* Goldstein & Co.

*Assumpsit.*

(Decided Dec. 21, 1911.  57 South. 102.)

1. *Appeal and Error; Record; Papers; Complaint.*—Where the record shows that papers transmitted by a justice of the peace to the circuit court included a complaint, but on the case being certified by the circuit court to the Court of Appeals, it did not appear that the complaint was ever marked or endorsed as filed by the clerk of the circuit court, it sufficiently appears that the judgment appealed from was supported by an appropriate complaint, since a paper is said to be filed whenever it is delivered to and received by a proper officer with the intention of filing it, although the fact and date of the filing are not endorsed upon it; this, in the absence of a statute prescribing what constitutes the filing of a petition.

2. *Same; Review; Presumption; Waiver of Complaint.*—Where the record certified to the Court of Appeals by the circuit court shows that defendant filed pleas to the complaint but did not under-

[Zavello v. Goldstein & .Co.]

take to sustain them on the hearing, it may be presumed, for the purpose of sustaining the judgment of the trial court that the defendant waived a filing of such pleading, if, in fact, it was not filed.

3. *Same; Mandate; Vacation of Motion.*—Where the . appellant submitted a motion entered after the appeal was sued out for the issuance of a writ of mandamus to the judges of the court below commanding them to vacate and set aside their order dismissing appellant's application for a new trial, and this court is of the opinion that the application was properly dismissed. the motion for such mandamus will also be dismissed.

4. *New Trial; Notice of Application.*—Where a defendant files petition for rehearing under section 5372, Code 1907, and obtains a supersedeas of the execution issued on the judgment, but made no attempt to comply with the requirements of notice prescribed by section 5373, Code 1907, he was not entitled to prosecute his application for rehearing, and it was properly dismissed.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Assumpsit by Goldstein & Co., against B. Zavello. Judgment for plaintiff and defendant appeals, and requests mandamus. Mandamus denied and the cause affirmed.

C. B. POWELL, for appellant. Where there is neither a statement of cause of action shown in the record or a complaint in either court, there is nothing ·to support the judgment.—*Arendale v. Moore*, 42 Ala. 482; *Stedman v. Owen*, 8 Port. 562; *Gayle v. Turner*, Minor 204; *Ritter v. Hoy*, 55 South. 1034. The court should not have dismissed the petition.—*Brown v. Coleman*, 55 South. 271; *Decatur R. R. Co. v. Cross*, 97 Ala. 519. Appellant is entitled to mandamus.—*Myers v. Martinez*, 162 Ala. 562.

GEORGE HUDDLESTON, for appellee. The record disclosed a sufficient complaint.—*Heyman v. McBurney*, 66 Ala. 511. The lodgement of the paper with the clerk was a sufficient filing.—*Ex parte State*, 51 Ala. 69; 8 Euc. P. & P. 923-927. In any event defendant filed his pleas to the complaint, and he will be presumed to have

waived the filing.—Authoity supra; *Cauley v. The State,* 133 Ala. 136. Error will not be presumed unless it affirmatively appears.—*Crowder v. Red Mountain Co.,* 127 Ala. 254; *Robinson v. Starnes,* 137 Ala. 438. The petitioner having failed to give notice as required by section 5372, his application was properly dismissed, and he is not entitled to mandamus.—*O'Neal v. Kelly,* 72 Ala. 559. Having removed the matter to this court by appeal, the circuit court has no further jurisdiction, and could not comply with a writ of mandamus if issued.—*Hudson v. Bauer Groc. Co.,* 105 Ala. 200; *Supreme Lodge, etc. v. Thomas,* 130 Ala. 275.

WALKER, P. J.—This suit was instituted before a justice of the peace, and from the judgment in favor of the plaintiff rendered by the justice the defendant appealed to the circuit court. The assignment of error that that court erred in rendering its judgment against the defendant is sought to be sustained by the suggestion that the record fails to show that the plaintiff filed a statement of his cause of action or a complaint. Among the papers transmitted by the justice to the clerk of the circuit court on the appeal to that court was a complaint in due form on a verified account, and the record contains also an amended complaint under the title of the case in the circuit court, but it does not show that that paper was marked or indorsed as filed by the clerk of that court. That paper, however, is set out as a part of the record and proceedings in the cause as certified by the clerk on the appeal to this court. "In the absence of a statute prescribing what constitutes the filing of a paper, it is said to be filed whenever it is delivered to and received by the proper officer. * * * with the intention of filing it, although the fact and date of the filing are not then endorsed upon it."—*Ow-*

*ensboro Wagon Co. v. Bliss et al.,* 132 Ala. 253, 31 South. 81, 90 Am. St. Rep. 907; *Ex parte State,* 51 Ala. 69; 8 Ency. of Pleading & Pr. 923. The record sufficiently shows that the judgment appealed from was supported by an appropriate complaint.

Besides, as the record shows that the defendant filed pleas to the complaint, but that he did not on the hearing of the case undertake to sustain them, it might be presumed, to sustain the judgment entered without objection having been made in the trial court on account of a failure to file a complaint or statement of the cause of action, that the defendant waived a filing of such paper.—*Heyman v. McBurney,* 66 Ala. 511; *Richmond & Danville R. Co. v. Jones,* 102 Ala. 212, 14 South. 786.

In August, 1910, the defendant filed a petition for a rehearing under the statute (Code 1907, § 5372), authorizing the making of such an application on certain grounds within four months from the rendition of the judgment, and obtained from the presiding judge an order for the supersedeas of the execution issued on the judgment. The plaintiff filed a motion to dismiss that petition, on the grounds that "the petition did not give the plaintiff or his attorney notice of the filing of such petition or application, nor of the time when or the place where the application would be made, and did not cause a copy of said petition to be served on plaintiff before the application was made." In March, 1911, that motion was granted. That action of the court is assigned as error. The record does not indicate that there was any attempt on the part of the defendant in making his application for a rehearing to comply with the requirements as to notice prescribed by the statute in such a case. Code 1907, § 5373. This being true, the defendant had not entitled himself to prosecute the proceeding, and the court was not in error in dismiss-

ing his petition. The motion in effect suggested the failure of the petitioner to prosecute the proceeding in the manner prescribed by the statute, and the record certainly indicates that the suggestion was well founded in fact. Any proceeding is subject to dismissal because of the failure of the party by whom it was instituted duly to prosecute it.

At the time of the submission on the appeal in this case there was also submitted a motion by the appellant, entered after the appeal was sued out and predicated upon the record brought into this court by that appeal, for the issuance of the writ of mandamus directed to the judges of the court below, commanding them or either of them to vacate and set aside the order of dismissal above mentioned. From the conclusion above announced, that the objections urged against the propriety of that action of the court are not well taken, it follows that the motion for the writ of mandamus could not be sustained, without regard to the question whether that action could be brought into question by a motion for the writ of mandamus entered after the case had been removed into this court by the appeal.—*Hudson v. Bauer Grocery Co.,* 105 Ala. 200, 16 South. 693; *Supreme Lodge, etc. v. Thomas,* 130 Ala. 275, 30 South. 567.

The judgment appealed from is affirmed, and the motion for the writ of mandamus is overruled.