# Woodmen of the World *v.* Jones.

## *Assumpsit.*

(Decided June 19, 1912. 59 South. 239.)

1. *Appeal and Error; Harmless Error; Pleading.*—Where the defenses set up in certain pleas that were stricken, were covered by the general issue, and a special plea which was not stricken, the striking of the pleas was not prejudicial.

2. *Same; Review; Presumption.*—Where the judgment entry does not show joinder of issue on a replication to a special plea, and the bill of exceptions contains no statement to that effect, and the evidence introduced was directed to proving the plea, and rebutting that proof, and the charges given indicate that the case was not tried on an issue raised by the replication, it will be presumed on appeal that the replications were withdrawn or abandoned.

3. *Charge of Court; Conformity to Issue.*—A charge asserting that the plaintiff could recover if the insured was not reinstated, if a

[Woodmen of the World v. Jones.]

waiver of conditions relative to reinstatement was established, was error, where it appeared that the replication alleging a waiver of the conditions of the policy relevant to reinstatement had been abandoned.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by Bessie B. Jones against the Woodmen of the World on a beneficial life insurance policy, issued to plaintiff's husband. Judgment for plaintiff and defendant appeals. Reversed and remanded.

C. H. ROQUEMORE, for appellant. Under the rules of the order Jones could not be reinstated while in ill health, and under the facts in this case, no action of Mr. Yates after Jones died would have been binding on the defendant.—*Drum v. Benton*, 13 B. C. Apellant cases, 245. A man suffering from typhoid fever is certainly in bad health.—*W. O. W. v. Jackson*, 80 Ark. 419; *Jeffrey v. United Oil, etc.*, 97 Me. 176.

A. E. PACE and W. L. LEE, for appellee. The cause should be affirmed on the following authorities.—*Travellers I. Co. v. Brown*, 138 Ala. 526; *Ins. Co. v. Eggleston*, 96 U. S. 572; *Mutual O. G. C. v. Hooser*, 160 Ala. 334; *Union C. L. I. Co. v. Washburn*, 158 Ala. 169; *Prov. L. I. So. v. Pruitt*, 157 Ala. 540; *Batson v. F. M. L. I. Co., Co.*, 155 Ala. 265; *Soc. Mut. Assur. v. Boyd*, 145 Ala. 167; *Prov. Sav. L. Assur. Soc. v. Pruitt*, 141 Ala. 688; *N Y. Co. v. Smith*, 139 Ala. 303.

PELHAM, J.—The suit in this case was on a beneficiary life certificate issued to the appellee's husband by the appellant, a fraternal benefit association, in which the appellee was made the beneficiary. The complaint is in the Code form, or practically so, and no question is raised as to its sufficiency. The defendant filed numer-

ous special pleas, setting up in effect that the beneficiary certificate had been forfeited, under the rules and regula-tions of the association, on account of the failure of A. B. Jones, appellee's husband, to whom the certificate was issued, to pay an assessment; and that said Jones had been suspended from said order, and had not been rein-stated at the time of his death. Motions to strike and demurrers were sustained to each of these pleas, ex-cept No. 4 and amended plea No. 13, and the defendant withdrew plea No. 4.

There was no prejudicial error in the court's rulings on the motion to strike and the demurrers, as the de-fendant received the benefit of all defenses attempted to be set up by the special pleas to which demurrers were sustained under its plea of the general issue and special plea No. 13.

Set out in the transcript are three replications to plea No. 13, averring in effect that after the suspension of Jones from the order he paid all arrearages; that, the same having been accepted by the proper officers of the appellant, the said Jones was reinstated as a member of the order, and said beneficiary certificate revived be-fore the death of Jones. No ruling of the court is shown on these replications, and the judgment entry recites that issue was joined on the defendant's amended plea No. 13, and that thereupon came a jury, etc. The judg-ment entry fails to show an issue joined on the replica-tions to amend plea No. 13, and the bill of exception con-tains no statement of such joinder. From an examina-tion of the whole transcript, it does not appear that the case was tried by the parties on the issue tendered by the replications; for the evidence introduced by the de-fendant after the plaintiff had made out a prima facie case by proof of death, introduction of the beneficiary certificate, etc., seems to have been for the purpose of

proving the issues made by the·special plea,·and the evidence introduced by the plaintiff in rebuttal went to rebutting the same issue.   At the conclusion of the trial, the court gave a number of charges that were clearly asked, and seem to have been given, on the idea that the issue tendered by the second and third replications was . not before the court. ·

The issue tendered by the second and third replications would have entitled the plaintiff to recover, notwithstanding the jury believed Jones had been suspended from the order, and notwithstanding they believed he was not in good health, at the time he paid the arrears and sought reinstatement, if they also believed the arrearages had been paid to the clerk of the local camp, and by him transmitted to the sovereign camp and accepted by it. The issue tendered by these replications was in effect that there had been a waiver of the conditions of the policy or rules of the order under which it was issued, set up in plea No. 13, providing that a member seeking reinstatement after suspension must, as a matter of fact, be in good health at the time of making such application for reinstatement.   If the issue tendered by the replications setting up the waiver had in fact been one of the issues upon which the case was tried, the many given charges at the request of the defendant, completely ignoring that issue and directing a verdict for the defendant, notwithstanding and without regard to such alleged waiver, would hardly have been given. Some of these charges are plain and emphatic, and preclude any idea that the issue of waiver, as set up in the replications, was before the court, as, for instance, charge No. 3; in this language: "The court charges the jury that if they believe from the evidence that A. B. Jones was not in good health at the time he attempted to be reinstated they must find a verdict for the defendant."

The judgment entry shows no joinder of issue on the replications to the special plea; the bill of exceptions contains no statement to that effect; the evidence introduced seems to be principally directed to proving plea 13 and rebutting that proof; and the given charges all indicate that the case was not tried on the issue of waiver set up by the replications, as one of the issues made by the pleadings. Under this condition of the record, we must presume that the replications, upon which issue is not shown to have been joined, were withdrawn or abandoned.—*Providence Ins. Co. v. Pruitt,* 157 Ala. 540, 47 South. 1019.

There is nothing in the conduct of the counsel for the defendant in the course of the trial to indicate that he recognized that the issue tendered by the replications was involved in the trial of the case; for he not only requested written charges, which were given by the court, that ignored such an issue, but he duly and regularly excepted to the court's charging the jury in the oral charge on that proposition. On the issues made, it was clearly an error for the court to charge, in its oral charge, that the plaintiff would be entitled to recover, notwithstanding the jury believed the deceased was in fact not in good health at the time of making application for reinstatement; if they also believed there was a waiver of this condition in accepting payment of arrearages. The defendant reserved an exception to this portion of the oral charge, and a reversal of the case must necessarily follow.

A discussion of the various assignments of error is unnecessary, as in all probability the pleadings and issues on another trial will be materially different.

Reversed and remanded.