(78 South. 308)

WILLIAMSON v. STATE.  (6 Div. 392.)

(Court of Appeals of Alabama.  March 12, 1918.)

PHYSICIANS AND SURGEONS ☞6(½)—CHIRO-PRACTOR—CERTIFICATE OF QUALIFICATION—NECESSITY OF OBTAINING.

Requiring a certificate of qualification from persons proposing to engage in the practice of treating diseases as a profession and for a livelihood is a police regulation designed to protect the public from the ignorant and incompetent, and the Legislature may prescribe a test to determine qualification, and confer authority on a designated board to conduct the proper examination through which the test many be applied, as is done by Code 1907, §§ 1626–1645, denying the privilege to such persons without a certificate from the "state board of medical examiners," and a chiropractor not excluded or discriminated against, and having equal right to apply for a certificate, and not denied the right to practice, is not exempt from the operation of such regulation.

Appeal from Circuit Court, Jefferson County; H. P. Heflin, Judge.

Dr. A. N. Williamson was convicted of the offense of treating diseases of human beings by a system of treatment known and called "Chiropractic" without having obtained a certificate of qualification from the State Board of Medical Examiners, and he appeals.  Affirmed.

Harsh, Harsh & Harsh and Z. T. Rudolph, all of Birmingham, for appellant.  F. Loyd Tate, Atty. Gen., and W. S. Welch, of Bessemer, for the State.

BROWN, P. J.  Since the ruling in Bragg's Case, 134 Ala. 170, 32 South. 767, 58 L. R. A. 925, the statutes have been amended so as to deny to all persons the privilege of engaging in the calling or profession of treating or offering to treat diseases of human beings by any system of treatment whatsoever who have not obtained a certificate of qualification from the "state board of medical examiners."  Compare Code 1896, §§ 3261–3264, and 5333, with Code 1907, §§ 1627–1646, 7564.

The authority of the board to issue certificates of qualification is not limited to those who desire to enter the profession as homeopathic doctors, but extends to all schools or systems of treatment.  Code 1907, § 1627.  The chiropractor is not excluded or discriminated against, and has the same right to apply for a certificate of qualification as does the homeopath or osteopath, and, if granted a certificate of qualification, there is nothing in the law that denies him the right to pursue his method of treatment.

The statutory provision requiring persons who propose to engage in the practice of treating disease as a profession and for a livelihood is a police regulation designed to protect the public from the ignorant and incompetent, and it is a matter clearly within legislative competency to prescribe a test by which qualification may be determined, and to confer authority on a designated board to conduct the proper examination through which the test may be applied.  This the Legislature has done.  Code 1907, §§ 1626–1645; Whitehead v. Coker, ante, p. 165, 76 South. 484, reviewed and affirmed 200 Ala. 701, 76 South. 999.

There being no discrimination against the appellant or his school of practice, there is no reason why he should be excepted from the operation of this police regulation. Smith v. State, 8 Ala. App. 352, 63 South. 28, 183 Ala. 116, 63 South. 70; Fealy v. Birmingham, 73 South. 296;[1] State v. Johnson, 84 Kan. 411, 114 Pac. 390, 41 L. R. A. (N. S.) 539; Germany v. State, 62 Tex. Cr. App. 276, 137 S. W. 130, Ann. Cas. 1913C, 477, and note 484.

On the admitted facts, the court could well have directed a verdict for the state, and there is nothing in the record of which appellant can complain.

Affirmed.