(98 South. 211)

## SAMPLES v. STATE.    (7 Div. 871:)*

(Court of Appeals of Alabama. June 12, 1923.
Rehearing Denied Nov. 27, 1923.)

**1. Criminal law ⬅1045—Demurrer not referred to in judgment entry not reviewable.**

A demurrer interposed to the indictment, but not referred to in the judgment entry, is not reviewable on appeal.

**2. Constitutional law ⬅92—Repeal of statute creating vested rights does not affect them.**

Generally when a statute is repealed, it stands as if it had never existed, except as to vested rights which have accrued under its operation.

**3. Constitutional law ⬅136—Statutory exemption permitting dentists to continue practice without obtaining license held not an unrepealable contract.**

The exemption promised in Acts 1915, p. 923, permitting persons practicing dentistry in the state for a period of 20 years or more to continue in that practice without obtaining a license from board of dental examiners, *held* not a contract which a subsequent Legislature could not repeal.

**4. Constitutional law ⬅92 — Expectation of continuance of general laws does not create vested right.**

A mere expectation based upon the continuance of the present general laws cannot be regarded as a vested right.

**5. Physicians and surgeons ⬅1—State may regulate persons already in practice.**

Past practice of dentistry cannot vest in one the right to continue that practice free from state control.

**6. Constitutional law ⬅92 — Physicians and surgeons ⬅2—Statute requiring license to practice dentistry valid.**

As no one has the right to practice dentistry without having the necessary qualification, Acts 1919, p. 784, requiring all persons practicing dentistry to obtain a certificate of qualification from the state board of dental examiners, does not deprive any one of his rights, the statute being a police regulation, and the Legislature may prescribe a test by which such qualifications may be determined and may confer authority on a board to conduct the examination, and hence the contention that Acts 1915, p. 923 (repealed by Acts 1919, p. 148), exempting those dentists who practiced in the state for a period of 20 years or more from being required to obtain a license, created a vested right to practice dentistry, is without merit.

**7. Physicians and surgeons ⬅6(10)—Proof of practice of dentistry held to cast burden on practitioner to show he obtained certificate of qualification.**

Under Acts 1919, p. 784, defendant was required before practicing dentistry to obtain a certificate or license from the board of dental examiners and also a license from the state; hence, when the state proved that defendant practiced dentistry, the burden was upon defendant to show he had obtained the certificate of qualification required.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Orville Samples was convicted of practicing dentistry without a license, and appeals. Affirmed.

Isbell & Scott, of Ft. Payne, for appellant.

Under the act of 1914 appellant acquired a vested right to practice his profession, which the Legislature could not take away. Acts 1915, p. 923; 40 Cyc. 190; Blake v. State, 178 Ala. 407, 59 South. 623; 36 Cyc. 623.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Appellant is not denied a constitutional right by the passage of the amendatory act. Dunlap v. State, 76 Ala. 460.

FOSTER, J. The indictment charged that the defendant practiced, or engaged in the business of, dentistry without a license.

Defendant was tried by the court without the intervention of a jury, was found guilty, and fined $100.

[1] The demurrer which was interposed to the indictment is not referred to in the judgment entry, and cannot therefore be passed upon by this court. Bradford v. State, 18 Ala. App. 401, 92 South. 17.

Defendant's plea A, to which demurrer was properly sustained, reads as follows:

"The defendant for further answer says:

"A. That on September 25, 1915, the Legislature of Alabama passed, the Governor of Alabama approved, and there went into effect, a law repealing all laws and parts of laws that made it unlawful for persons who had been practicing dentistry in the state of Alabama for a period of 20 years or more prior to said act to practice said profession or calling without first procuring a certificate of qualification from the board of dental examiners of Alabama. That the defendant had practiced dentistry for more than 20 years, continued to so practice since said act, and has invested his money and time in buying equipments and building a practice in his profession, and if any law has been enacted under which he can now be prosecuted the same is void as being in violation of the Constitution of Alabama as being destructive of vested rights."

The appellant's counsel insist that the defendant had acquired a vested right and estate in his profession under the act of 1915, which provides:

"That all persons who have practiced dentistry or dental surgery in this state for a period of twenty years or more, shall be permitted to continue in the practice of the said profession without being required to obtain a license from the board of dental examiners of Alabama." Acts 1915, p. 923.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Certiorari denied and judgment affirmed, see 210 Ala. 544, 98 South. 803.

[2] The act of 1915 was expressly repealed by an act found at page 148, Acts 1919. A later act of 1919 requires any person before practicing dentistry in this state to first obtain a certificate or license from the board of dental examiners of Albama. Acts 1919, p. 784.

"It is a general rule * * * that when a statute is repealed it stands as if it had never existed. except as to vested rights which have accrued under its operation." Blake v. State, 178 Ala. 407, 59 South. 623.

The Legislature has full power to take away by statute rights not vested, which have been conferred by statute. Luke v. Calhoun County, 56 Ala. 415.

[3] The exemption promised in the act of 1915 did not constitute a contract which a subsequent Legislature could not repeal. Dunlap v. State, 76 Ala. 460. The question for decision is:

"Did a vested right to practice dentistry in Alabama accrue to the defendant under the operation of the act of 1915?"

[4] A mere expectation based upon the continuance of the present general laws cannot be regarded as a vested right. Cooley's Const. Lim. 359.

"It is undoubtedly the right of every citizen of the United States to follow any lawful calling, business, or profession he may choose, subject only to such restrictions as are imposed upon all persons of like age, sex and condition. This right may in many respects be considered as a distinguishing feature of our republican institutions. Here all vocations are open to every one on like conditions. All may be pursued as sources of livelihood, some requiring years of study and great learning for their successful prosecution. The interest, or, as it is sometimes termed, the estate acquired in them—that is, the right to continue their prosecution—is often of great value to the possessors, and cannot be arbitrarily taken from them, any more than their real or personal property can be thus taken. But there is no arbitrary deprivation of such right where its exercise is not permitted because of a failure to comply with conditions imposed by the state for the protection of society. The power of the state to provide for the general welfare of its people authorizes it to prescribe all such regulations as, in its judgment, will secure or tend to secure them against the consequences of ignorance and incapacity as well as of deception and fraud. As one means to this end it has been the practice of different states, from time immemorial, to exact in many pursuits a certain degree of skill and learning upon which the community may confidently rely, their possession being generally ascertained upon an examination of parties by competent persons, or inferred from a certificate to them in the form of a diploma or license from an institution established for instruction on the subjects, scientific and otherwise, with which such pursuits have to deal. The nature and extent of the qualifications required must depend primarily upon the judgment of the state as to their necessity. If they are appropriate to the calling or profession, and attainable by reasonable study or application, no objection to their validity can be raised because of their stringency or difficulty. It is only when they have no relation to such calling or profession, or are unattainable by such reasonable study and application, that they can operate to deprive one of his right to pursue a lawful vocation." Dent v. West Virginia, 129 U. S. 114, 9 Sup. Ct. 231, 32 L. Ed. 623.

Careful preparation is required by one who seeks to enter the profession of dentistry. Every one may have occasion to consult him, but comparatively few can judge of the qualification of learning and skill which he possesses. Reliance must be placed upon the assurance given by his license issued by an authority competent to judge in that respect, that he possesses the requisite qualifications. Due consideration, therefore, for the protection and welfare of society, may induce the state to exclude from practice those who have not such a license, or who are found upon examination not to be fully qualified.

[5, 6] The same reasons which control in imposing conditions upon compliance with which the dentist is allowed to practice in the first instance may call for a knowledge of the new acquisitions of the profession, as it from time to time advances in its attainments for the relief of the sick and suffering, in order to justify continuance in its practice. There is nothing in the act of 1919 which deprives any one of any of his rights. No one has the right to practice dentistry without having the necessary qualifications of learning and skill, and the statute only requires that whoever assumes, by offering to the community his services as a dentist, that he possesses such learning and skill, shall present evidence of it by a certificate or license from a body designated by the state as competent to judge of his qualifications. Bragg v. State, 134 Ala. 165, 32 South. 767, 58 L. R. A. 925; Williamson v. State, 16 Ala. App. 392, 78 South. 308.

"Legislation is not open to the charge of depriving one of his rights without due process of law, if it be general in its operation upon the subjects to which it relates and is enforceable in the usual modes established in the administration of government with respect to kindred matters; that is, by process or proceedings adapted to the nature of the case. The great purpose of the requirement is to exclude everything that is arbitrary and capricious in legislation, affecting the rights of the citizen."

There is nothing of an arbitrary character in the provisions of the statute in question; it applies to all dentists; it imposes no conditions which cannot be readily met; and its provisions are enforceable in the mode usual in kindred matters, by regular proceedings adapted to the case. Williamson v. State, 16 Ala. App. 392, 78 South. 308.

"As no one has a vested right to practice dentistry free from state regulation and control, it follows that present or prior practitioners cannot, against a statute which provides that they must secure a license before practicing further, raise the constitutional objection that they are being deprived of property without due process of law." "Past practice of dentistry cannot vest in any one the right to continue free from state control." 21 R. C. L. p. 355, § 5.

The statutory requirement that all persons who practice the profession of dentistry shall first obtain a certificate of qualification from the state board of dental examiners is a police regulation, and the Legislature may prescribe a test by which such qualification may be determined, and may confer authority on a board to conduct the examination for this purpose. Acts 1919, p. 784; Williamson v. State, 16 Ala. App. 392, 78 South. 308.

[7] The defendant was required before practicing dentistry to obtain a certificate or license from the board of dental examiners and also a license from the state, and when the state proved that the defendant practiced dentistry the burden was cast upon the defendant to show that he had obtained the certificate of qualification required by law. Porter v. State, 58 Ala. 66; Thompson v. State, ante, p. 328, 97 South. 258.

The case was tried by the court without the intervention of a jury. There was ample evidence to sustain the judgment of conviction. The judgment of the circuit court is affirmed.

This opinion is substituted for the original opinion, and the application for rehearing is overruled.