**FRASER v. STATE ex rel. BIGGS, Solicitor.**
**(1 Div. 446.)**

Supreme Court of Alabama. May 26, 1927.

Rehearing Denied June 18, 1927.

**1. Quo warranto ⬅1—Proceeding in nature of quo warranto to exclude respondent from practicing as chiropractor is "civil proceeding" (Code 1923, § 9932, subd. 1).**

Proceeding in nature of quo warranto under Code 1923, § 9932, subd. 1, to exclude respondent from unlawfully practicing profession of chiropractor, is a civil proceeding, not governed by principles and rules of practice applicable to criminal cases.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Civil Action—Case—Suit, etc.]

**2. Jury ⬅136(2)—Respondent in quo warranto to exclude her from practicing as chiropractor held not entitled to twice number of strikes allowed state in selecting jury (Code 1923, § 9932, subd. 1).**

Proceeding in nature of quo warranto, under Code 1923, § 9932, subd. 1, to exclude respondent from practicing as chiropractor, being a civil proceeding, respondent's demand that she be allowed two strikes for every one allowed the state in selecting jury was properly denied.

**3. Quo warranto ⬅55—Unlicensed chiropractor's acts subsequent to filing of information in quo warranto are competent evidence, and may afford sufficient basis for prohibitory judgment (Code 1923, § 9932, subd. 1; § 9944).**

No license to practice as chiropractor being shown, in proceeding in nature of quo warranto, under Code 1923, § 9932, subd. 1, to exclude respondent from practicing such profession, all her acts in treatment of, and continuing offers to treat, disease, subsequent to filing of information were relevant and competent evidence of unlawful intrusion into practice of medical healing, and sufficient basis for prohibitory judgment authorized by section 9944.

**4. Evidence ⬅477(2)—Nonexpert testimony as to ailments open to ordinary observation and understanding is competent.**

Testimony of nonexperts as to such ailments of their children and others, treated by respondent, as were open to ordinary observation and understanding, was competent in proceedings in nature of quo warranto to exclude respondent from practicing profession of chiropractor.

**5. Appeal and error ⬅1050(1)—Admission of nonexpert testimony as to patients' ailments in proceeding to exclude respondent from practicing as chiropractor held not reversible error; particular nature of ailments being immaterial.**

Allowing nonexperts to testify as to ailments of their children and others, treated by respondent in proceeding to exclude her from practicing as chiropractor, held not reversible

error; particular nature of ailments treating of no material importance.

**6. Physicians and surgeons** ⊜⇒6(I)—Unlicensed practicing chiropractor held not entitled to protection of statute excepting treatment of "emergency" cases (Code 1923, § 2872).

One practicing as chiropractor without license *held* not entitled to protection of Code 1923, § 2872, on ground that cases treated by her were emergency cases, in view of proviso that "person rendering such service does not pursue the occupation of a physician."

**7. Appeal and error** ⊜⇒500(2)—Error cannot be predicated on special pleas, where record shows no ruling on demurrers thereto.

No error can be predicated on special pleas, where record does not show that demurrers thereto were ruled on by court.

**8. Appeal and error** ⊜⇒916(I)—Parts of answer setting up other matter than general issue, referred to in judgment entry, must be presumed withdrawn or abandoned.

Where judgment entry recited only that respondent filed answer denying allegations of petition, it must be presumed that parts of answer setting up other matter than general issue were withdrawn or abandoned by respondent.

**9. Appeal and error** ⊜⇒916(I)—Special pleas must be presumed withdrawn or abandoned, in absence of supporting evidence.

Where no evidence was offered or elicited tending to prove allegations of special pleas, it must be presumed that matters set up therein were withdrawn or abandoned by respondent.

Appeal from Circuit Court, Monroe County; John D. Leigh, Judge.

Proceeding in the nature of quo warranto by the State, on the relation of Leonard S. Biggs, Solicitor, against Ida A. Fraser, to exclude respondent from unlawfully practicing as a chiropractor. From a judgment for petitioner, respondent appeals. Affirmed.

Hybart & Hare, of Monroeville, for appellant.

This proceeding is in the nature of a criminal case, and defendant should have been permitted to strike two names from the jury list to the state's one. Code 1923, § 8641; Capital City Water Co. v. State, 105 Ala. 422, 18 So. 62, 29 L. R. A. 743. The court should not have given the general charge for petitioner. The treatments were shown to have been made in emergency cases. Code 1923, § 2872.

L. S. Biggs and R. L. Jones, both of Monroeville, for appellee.

This is a civil proceeding, and is not governed by the rules and principles applicable to criminal prosecutions. Belding v. State,

214 Ala. 380, 107 So. 853; Harris v. State, 215 Ala. 56, 109 So. 291. Evidence of acts subsequent to the filing of the information were admissible. Harris v. State, supra. The affirmative charge was properly given. Cummings v. State, 214 Ala. 209, 106 So. 852.

SOMERVILLE, J. [1, 2] This is a proceeding in the nature of quo warranto, under subdivision 1 of section 9932 of the Code, to exclude the respondent from unlawfully practicing the profession of a chiropractor in the treatment of human beings for disease.

It has been fully settled that it is a civil proceeding, and is not governed by the principles and rules of practice applicable to criminal cases. Belding v. State, 214 Ala. 380, 107 So. 853; Harris v. State (Ala. Sup.) 109 So. 291.[1] Hence the respondent's demand that she be allowed two strikes for every one allowed to the state in the selection of a jury, as in criminal cases, was properly denied.

[3] The information, filed on March 31, 1925, alleges that the respondent has unlawfully intruded into the profession of treating, or offering to treat, diseases of human beings since August 18, 1924, "and is still unlawfully treating, or offering to treat diseases of human beings in Monroe county, Ala." The trial court, over respondent's objection, allowed the state to show that she inserted advertisements of herself as a chiropractor, offering to treat the public generally for disease, subsequent to the filing of the information, and also that she treated patients for diseases or abnormalities after that time.

If this were a criminal prosecution for unlawful acts of medical practice, acts occurring after the filing of the information could not be properly shown, unless they were so connected with the acts charged as to illustrate a criminal intent, where the intention was material. But the scope of this proceeding, from its very nature, involves an inquiry into the conduct of the respondent down to the trial of the cause; and, no license to practice being shown, all acts of the respondent in the treatment of disease, and all continuing offers to treat it, are relevant and competent evidence of an unlawful intrusion into the practice of medical healing, and are a sufficient basis for the judgment authorized by the statute (Code, § 9944), viz. that the intruder "be prohibited from practicing such profession."

[4, 5] Some of the witnesses for the state were allowed, over respondent's objection, to testify to the ailments of their children or other relatives whom they took to the respondent for medical treatment, and who were treated by her; the objection being these witnesses were not experts, and were not qualified to testify to the existence of diseased conditions. Most of these items of tes-

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 215 Ala. 56.

timony related to matters open to ordinary observation and understanding, as to which any observer might properly speak. However, the particular nature of the ailments treated by respondent was not of material importance. It was enough that she offered to treat, and did treat, human ailments or abnormalities, of whatever kind, for the purpose of curing them, or of giving relief.

[6] On the cross-examination of some of the state's witnesses, they stated—evidently in response to leading questions—that their respective cases treated by respondent were "emergency" cases; and respondent's counsel invoke the protection of section 2872 of the Code, in the chapter regulating the practice of medicine, which provides:

"Nothing in this chapter shall prohibit the administration of domestic remedies in a family by any member thereof, or prohibit any person from rendering service to a sick or injured person in an emergency, provided that the person rendering such service does not pursue the occupation of a physician."

Apart from the obvious fact that most of the treatments administered by the respondent were not emergency cases within the meaning of the statute, the last clause of the statute itself excludes her from its protection.

[7-9] We find in the record, besides pleas of the general issue denying the allegations of the complaint, two special pleas numbered 3 and 4. These pleas are obviously bad, but the record does not show that the demurrers interposed to them were ruled upon by the court. In the judgment entry the only reference to the answer made by respondent is that she had filed "her answer to the writ denying the allegations of the petition." On this recital it must be presumed that the parts of the answer setting up any matter other than the general issue were withdrawn or abandoned by respondent. Providence, etc., Society v. Pruett, 157 Ala. 540, 546, 547, 47 So. 1019; Jackson v. State, 142 Ala. 55, 37 So. 920; Dannelley v. State, 130 Ala. 132, 30 So. 452; Woodmen of the World v. Jones, 4 Ala. App. 668, 59 So. 239. And, it may be added, the same presumption arises where, as here, no evidence was offered or elicited tending to prove the allegations of the special pleas. Zavello v. J. Goldstein & Co., 3 Ala. App. 478, 57 So. 102.

On the undisputed evidence the petitioner was entitled to the relief prayed, and the jury were properly instructed that the respondent was guilty of the matters charged, if they believed the evidence.

The judgment will therefore be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

