187 So. 735

**FARMER v. STATE ex rel. KILLCREASE.**

8 Div. 550.

Court of Appeals of Alabama.

June 7, 1938.

Rehearing Denied June 30, 1938.

Claud D. Scruggs, of Guntersville, for appellant.

A. A. Carmichael, Atty. Gen., and Effie Crittenden, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

This is a proceeding in the nature of a quo warranto, under subdivision 1, Section 9932 of the Code of 1923, and brought on the relation of Mack Killcrease, Deputy Solicitor for Marshall County under direction of A. E. Hawkins, Judge of the Ninth Judicial Circuit, who issued his order under Section 9933 of the Code of 1923. The petition seeks to exclude respondent from the unlawful practicing of the profession of medicine.

Demurrer is interposed to the complaint as filed by the Solicitor, taking the point that the order of the Circuit Judge states that he has cause to believe that the · defendant is practicing medicine in said county; whereas, the complaint against the defendant is at variance, in that it is there averred that he (respondent) has intruded into the profession of treating or offering to treat disease of human beings which is alleged to be a profession requiring a license or certificate of legal authorization within this State, and without having obtained a certificate of qualification from the State Board of Medical Examiners of the State of Alabama, or the license required by law.

■ In the case of Bragg v. State, 134 Ala. 165, 32 So. 767, 58 L.R.A. 925, it is held that the practice of medicine in any of its branches or terms within the meaning of the Medical Practice Act of the State, includes Osteopathy, and by analogy Chiropractic, or any other school of Mechanotherapy, and so we hold that the order of the Circuit Judge and the complaint as filed by the Solicitor were in accord with the two Sections of the Code above referred to. McMillan v. State, 218 Ala. 602, 119 So. 652; Bragg v. State, 134 Ala. 165, 32 So. 767, 58 L.R.A. 925; Williamson v. State, 16 Ala.App. 392, 78 So. 308.

Other grounds of demurrer· to the complaint are without merit.

■■ It also follows that the court did not err in granting the State's motion to strike respondent's motion to quash. ' A motion to quash is well taken only when there is no authority in law for bringing the proceeding in question. In the instant case the statutory authority is ample. Fraser v. State, ex rel. Biggs, Solicitor, 216 Ala. 426, 113 So. 289. ·

■ What purports to be the bill of exceptions appearing in the record does not appear to have been signed by the Presiding Judge. We, therefore, cannot consider the many assignments of error relating to the rulings of the trial court on the admission of testimony; ·nor ·the ·refusal of the court to give charges requested by the respondent dependent upon the evidence in the case.

■ However, we have read the testimony as set out in the record, and without dispute it establishes the fact that this respondent was practicing ·that branch of medicine known as Chiropractic, in Marshall County, Alabama, without having complied with the Statutes, Code 1923, § 2836 et seq., requiring a certificate from the Board of Medical Examiners of the State of Alabama, and that regardless of any errors that might have been made in the rulings of the trial court, the general charge as requested by the State was properly given, and under the facts, if error occurred, such error would have been without injury.

"The statutory provision requiring persons who propose to engage in the practice of treating disease as a profession and for a livelihood is a police regulation designed to protect the public from the ignorant and incompetent, and it is a matter clearly within legislative competency to prescribe a test by which qualification may be determined, and to confer authority on a designated board to conduct the proper examination through which the test may be applied." Williamson v. State, 16 Ala. App. 392, 78 So. 308.

 As was stated in Fraser v. State, 216 Ala. 426, 113 So. 289: "It has been fully settled that it [quo warranto] is a civil proceeding; and is not governed by the principles and rules of practice applicable to criminal cases."

The trial judge, therefore, was not in error when he refused to permit the respondent's counsel to argue the case to the jury. There was nothing to argue; the evidence was undisputed. It was a question of law for the court.

The judgment is affirmed.

Affirmed.