200 So. 412

**OWEN v. STATE ex rel. BAILES, Solicitor.**

**6 Div. 469.**

Supreme Court of Alabama.

Jan. 16, 1941.

Rehearing Denied Feb. 27, 1941.

Clifford Emond, of Birmingham, for appellant.

Thos. S. Lawson, Atty. Gen., for appellee.

FOSTER, Justice.

Quo warranto against appellant to show by what authority he is engaged in the treatment of diseases of human beings without a certificate of qualification from the State Board of Medical Examiners. The information was filed by the State on relation of George Lewis Bailes, solicitor of the Tenth Judicial Circuit of Alabama.

■ Objection is made by demurrer that though the circuit judge ordered the action to be brought, as provided in section 9933, Code, it was in fact done on the relation of A. Berkowitz, who made an affidavit and filed it with the judge containing specification of facts on which the judge acted, and that A. Berkowitz was not made a relator. Such an informant is not the relator. It is contemplated that the judge shall have advance information leading him to believe that the charge can be proven, and that the proceeding will be for the public good. Donovan v. State, 215 Ala. 53, 55, 109 So. 290; Evans v. State, 215 Ala. 61, 109 So. 357; section 9933, Code. The preliminary affidavit was very properly made the means of giving such information to the judge. But when he makes the order authorized by section 9933, Code, the affidavit serves no further purpose in the proceeding. The informant should not then be made a party to it. Section 9938, Code, has no application to an informant who merely supplies facts on which the judge acts when he makes the order as authorized by section 9933, supra.

The solicitor was permitted to read to the jury several talks made to the public over the radio broadcasting facility of WAPI, in Birmingham. It is insisted that this was error, duly assigned and reserved. These talks relate to the development of chiropractics as a means of healing diseases of the human race.

This appellant also by advertising in a newspaper emphasized the facts of the nature of chiropractic, and that he was engaged in the business of a chiropractor. Similar objections and assignments are presented as to them.

■ But they all are directly traced to appellant as being responsible for them, and tend to show that chiropractic is a method of treating human sickness and disease, and that he pursued that method. There was no error in overruling the objection to such evidence. Fraser v. State, 216 Ala. 426, 113 So. 289.

There was objection made to certain features of the evidence of witnesses given on the trial and adverse rulings are here urged as cause for reversal. We have considered them and think that there was no error in

584

them, but that we need not discuss them. They relate to facts which are proper as evidence under well-settled principles. Fraser v. State, 216 Ala. 426, 113 So. 289.

There was much evidence directly and circumstantially that this appellant held himself out as being engaged in the practice of treating diseases of human beings, and that he did that very thing by pursuing the method known as chiropractic, which he fully explained in his radio talks and newspaper advertisements. Defendant offered no evidence in his behalf.

A certificate of qualification is necessary for one so engaged.

No such certificate was shown by appellant, nor other evidence offered by him.

■ The evidence was therefore without conflict, and the court gave to the jury the written charge at the request of the plaintiff, that if they believe the evidence they must find respondent guilty; and refused such a charge of not guilty requested by defendant. Section 2837, Code. There was no error in respect to such rulings. Harris v. State, 215 Ala. 56, 109 So. 291; Cummings v. State, 214 Ala. 209, 106 So. 852 (newspaper advertisements); Thompson v. State, 19 Ala.App. 328, 97 So. 258.

After the court had given the general charge in writing, based on the hypothesis that they believe the evidence, he gave them some oral instructions to parts of which exceptions were noted. Those features of such charge are but expressions of well-known principles merely intended apparently to give the jury an understanding of the given charge and their province in acting upon it. We do not think there is reversible error here manifested.

The court gave the jury a form of verdict, and instructed them that if they believe the witnesses it would be their duty to return a verdict in that form. The defendant objected to the court giving to the jury a proposed verdict of guilty, and requested the court also to give to them a form of "We, the jury, find the defendant not guilty." The court refused to do so, and defendant excepted in each aspect. The court gave no instructions as to their verdict in event they did not believe the evidence.

The question is whether that was equal to a peremptory instruction, all conducted in the presence of the jury. In Davidson v. State ex rel. Woodruff, 63 Ala. 432, the judge gave an instruction to find for plaintiff, if they believe the evidence, and then added, "the form of your verdict, under this charge, will be, 'We, the jury, find the issue in favor of the plaintiff.'" It was held that this took from the jury the right to determine the credibility of the oral testimony. In Scott v. State, 110 Ala. 48, 20 So. 468, 469, after giving the charge with hypothesis, the judge said to the jury, all they had to do in such case is to say, "We, the jury, find in favor of the state." This was erroneous as a peremptory charge.

In Shipp v. Shelton, 193 Ala. 658, 69 So. 102, the judge gave a charge with hypothesis for plaintiff; they returned a verdict for defendant. The court told them it was contrary to the charge, and to find for plaintiff if they believe any part of the evidence, though not all of it. This was held to be erroneous.

In Watts v. Metropolitan Life Ins. Co., 211 Ala. 404, 100 So. 812, 813, the judge gave the charge for defendant with hypothesis, and then stated, and in accordance with that charge, your verdict will be, "We, the jury, find in favor of the defendant." This was held to be a peremptory charge in effect without hypothesis: To like effect is O'Bar v. Southern Life & Health Ins. Co., 232 Ala. 459, 168 So. 580 (11); Byars v. Alabama Power Co., 233 Ala. 533, 172 So. 621.

■ When the evidence is solely from witnesses for the party holding the burden of proof, the instruction must be with hypothesis, with the right of the other party to argue the credibility of the evidence. Harris v. State, supra; Byars v. Alabama Power Co., supra. The right to have a charge given in substance that if the jury do not believe the evidence they will find for defendant was declared in Alabama G. S. R. R. Co. v. McAlpine, 80 Ala. 73; Seibold v. Rogers, 110 Ala. 438, 18 So. 312, with a modification of the rule stated in Koch v. State, 115 Ala. 99 (7), 22 So. 471; Love v. State, 218 Ala. 66, 117 So. 400, and cases there cited.

■ The burden of proof here was on the State, but it was only to reasonably satisfy the jury as in civil cases. Fraser v. State, 216 Ala. 426, 113 So. 289; Harris v. State, supra.

It will be noted that defendant did not request a written charge to the effect that the jury shall find a verdict of not guilty if they do not believe the evidence; but did so on the hypothesis that they believe the evidence. That charge merely raised the question of the legal sufficiency of the evidence.

But in this connection the bill of exceptions states that "counsel for defendant prepared and delivered to the court to give to the jury a verdict reading as follows: 'We, the jury, find the defendant not guilty.'" The court refused to do this. Exception was noted, and it is also assigned as a ground for the motion for a new trial. But this was not an action on a requested written charge, with refusal endorsed on it. There is no erroneous ruling in that connection. Such conduct in the presence of the jury, considered in the light of his oral charge, was not a peremptory instruction. At most, it could only serve as a claim of prejudicial conduct in the presence of the jury affecting the motion for a new trial.

Upon consideration of the whole evidence and incidents of this trial, we are persuaded that there has been no miscarriage of justice by the verdict and judgment, nor that the rights of defendant were materially prejudiced.

Affirmed.

GARDNER, C. J., and BOULDIN and LIVINGSTON, JJ., concur.