# Wester *v.* The State.

## *Indictment for Abandoning a Family.*

1. *Indictment for abandoning family; wife competent witness.*—The statute making the wife a competent witness against her husband under an indictment for abandoning his family (Acts 1903, p. 32), is not an *ex post facto* law within the meaning of the constitutional provision.

2. *Indictment for abandoning family; admissibility of evidence.*— On a trial under an indictment for abandoning his family, it is not competent for the defendant to ask the witness whether or not he had taken liberties with his wife's person prior to the abandonment.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

The appellant in this case was indicted, tried and convicted for abandoning his family and leaving them in danger of becoming a burden to the public. The indictment was preferred and filed in court on September 26,

1902. The State introduced Vandy Wester, the wife of the defendant. The defendant objected to the examination of his wife as a witness upon the ground of incompetency. The court overruled the objection, and the defendant duly excepted.

The witness testified that she was married to the defendant on July 21st, 1901, that a baby was born to them on March 31, 1902, and that on April 20, 1902, the defendant carried her and her child to her father's and abandoned them, and had contributed nothing to her support or the support of the child. Jasper Roan, a witness for the State, testified that he had known the defendant's wife for eight or nine years; that during a part of that time he lived in the same community with her, and for a period of three years visited her; that during the last four or five years he had known very little of the defendant's wife. Whereupon the defendant asked the witness the following question: "Did you, during the time you visited her, take any liberties with her person?" The State objected to this question. The court sustained the objection, and the defendant duly excepted. A similar question was asked Luther Jolly, a witness for the defendant. The same objections and rulings were made to this question. Thereupon the court stated to the defendant's attorney: "You may ask the witness if he ever had adulterous intercourse with Vandy Wester." This question was asked, and the witness answered "No."

LEE, LEE & LEE, for appellant.—Cited *Hart v. State,* 40 Ala. 32.

MASSEY WILSON, Attorney-General, for the State.

SIMPSON, J.—There was no error in allowing the wife of the defendant to testify in this case.—Acts, 1903, p. 32.

This act is not an *ex post facto* law, within the meaning of the constitutional provision. "A statute which simply enlarges the class of persons who may be competent to testify, is not *ex post facto* in its application to

[Yeats v. The State.]

offenses previously committed."—*Hopt v. People of Utah*, 110 U. S. 575; *Mrous v. State*, (31 Tex. Crim. Rep. 597) 37 Am. St. Rep. 834.

The questions asked the witnesses Jasper Roan and Luther Jolly were leading, and, in addition, while the testimony sought to be elicited, might possibly have been competent in connection with other circumstances tending to prove adultery on the part of defendant's wife, yet, as there was no other testimony tending that way, and the defendant was permitted to ask the witnesses the direct question as to whether they had committed adultery with her, which questions were answered in the negative, there was no error in sustaining the objection to this testimony.

The judgment of the court is affirmed.

MCCLELLAN, C.J., TYSON and ANDERSON, J.J., concurring.