# Thomas *v.* The State.

## *Vagrancy.*

(Decided May 14, 1908.  46 South. 771.)

1. *Trial; By Court Without Jury; Special Finding of Fact.*—There being no provision in the act creating the Jefferson Criminal Court, authorizing a special finding of the facts by the judge in the trial of a criminal cause, and there being no general law covering the subject, the court properly declined to make a special finding of the fact.

2. *Witnesses; Competency; Husband and Wife.*—The wife is a competent witness against the husband in a prosecution for vagrancy under the provisions of General Acts 1903, p. 82.

3. *Trial; Reception of Evidence; Evidence Admissible in Part.*—The court will not be put in error for refusing to exclude evidence, a part of which is competent, where the motion to exclude is directed to the whole evidence, and does not point out the objectionable part.

4. *Appeal and Error; Harmless Error; Admissions of Evidence.*—Where it appears that defendant had the benefit upon the trial of all the evidence that could have been elicited by answers to questions to which the court sustained objection, the sustaining of objections to such question is error without injury.

5. *Same; Review; Presentation of Error.*—Where a criminal case is tried by a judge an exception to the judge's finding of guilt on the ground that it was not warranted by the evidence is not available to present for review in this court the judge's conclusion and finding.


Appeal from the Jefferson Criminal Court.

Heard before Hon. D. A. Greene.

George Louis Thomas was convicted of vagrancy, and he appeals. Affirmed.

The objection to testimony is sufficiently set out in the opinion. The facts tended to show that Thomas left his wife a few days before the birth of their child, without giving her any money or leaving any provisions in the house, and had never returned or in any way contributed

to her support. The questions propounded to the wife, to which objections were sustained, were: "Did not your husband have credit at the grocery?" "Did you go to the grocer's and try to get provisions on your husband's credit?" "Could you not have gotten all the groceries you wanted, and had them charged to him, while he was away?" "Did you not visit Mrs. Jackson's house after your husband told you not to?" The bill of exceptions states that on the 23d day of November, 1907, judgment was rendered on said verdict, and on default of the payment of the fine the court sentenced defendant to 70 day's hard labor for the county, with an additional term for the costs. The defendant objected to said judgment, on the ground that same was excessive and not warranted by the testimony, and excepted to the court's pronouncing the same.

BLACK & DINSMORE, for appellant. Counsel discuss assignments of error, but without citation of authority.

ALEXANDER M. GARBER, Attorney-General, for the State.

TYSON, C. J.—This prosecution was commenced by affidavit, and was tried by the judge of the criminal court without a jury. Under the act establishing that court and those amendatory thereof, no provision is made for a special finding of facts by the judge, as is provided for in civil cases when tried by a circuit judge without a jury. Loc. Laws of Jefferson County, p. 599; section 3319, Civ. Code 1896. The overruling of defendant's demand for a special finding of facts was, therefore, correct. Furthermore, the demand is not shown to have been in writing.

The wife of defendant was a competent witness for

[Thomas v. The State.]

the prosecution. Gen. Acts 1903, p. 32; *Wester v. State,*
142 Ala. 56, 38 South. 1010.

The motion to exclude the entire statement of the
wife, "that when defendant left he said he was going to
Pensacola, Fla., on business, and would return in a few
days, and that she did not know he was in town until
she heard, about two weeks after he left her, that he was
in a boarding house in town with another woman," was
properly overruled. What defendant said, when he left
his wife, as to where he was going, etc., was clearly com-
petent; and, if the latter part of her statement was ob-
jectionable, as being hearsay, the motion to exclude
should have been directed to that portion exclusively.
The court was under no duty to separate the objection-
able portion from the unobjectionable. Furthermore, no
ground of objection was stated.

It appears that defendant had the benefit upon the
trial of all testimony that could have been properly
elicited by the numerous questions propounded on cross-
examination of the wife, to which the court sustained
objections. So, then, if any one of the several rulings
was erroneous, it was without injury.

The exception reserved to the finding of the defendant
guilty by the judge is unavailable to review his conclu-
sion in that respect.—*Feibelman v. State,* 130 Ala. 122,
30 South. 384.

Affirmed.

DOWDELL, ANDERSON, and McCLELLAN, JJ., concur.