LEIGH M. CLARK, Retired Circuit Judge.
Appellant was found guilty by a jury in Circuit Court Case No. 81-1598 of burglary in the third degree and theft of property in the first degree, and he was sentenced by the court to imprisonment in the penitentiary for ten years. In Circuit Court Case No. 81-1605, after a waiver of his right to a jury trial, the court adjudged appellant guilty of burglary in the third degree and sentenced him to imprisonment for ten years, with the sentence to run concurrently with the sentence in 81-1598. The two cases have been consolidated on appeal.
Laying aside some apparent inaccuracies in either the record proper or the transcript that we have noted in comparing the two, we accept as the sole issue between the parties that which they have presented in their briefs. Appellant summarizes it:
“Did the Trial Court err in not granting Appellant’s Motion to Suppress, even though the Statute relied upon had been repealed prior to trial?”
Appellee states the issue:
“Whether or not there was error in the trial court’s denial of appellant’s motion to suppress, which said motion was based on a repealed statute?”
The statute referred to, Acts 1975, No. 1205, § 5-125, provided as follows:
“Unless advised by counsel, the statements of a child or other information or evidence derived directly or indirectly from such statements made while in custody to police or law enforcement officers or made to the prosecutor or probation officer during the process of the case, including statements made during a preliminary inquiry, predisposition study, informal adjustment for consent decree, shall not be used prior to a determination of the Petition’s allegations in a delinquency or in need of supervision case or in a criminal proceeding prior to conviction.”
The “statute” referred to was repealed by Acts 1981, No. 81-344, effective April 29, 1981, all as shown by Code of Alabama 1975, § 12-15-67, one of the sections of the chapter captioned, “JUVENILE PROCEEDINGS.”
Appellant was a seventeen-year-old juvenile at the time of the alleged commission of the crimes involved and at the time of the judgments rendered against him.
Prior to the trial in No. 1598 and prior to the submission of the case for judgment in No. 1605, defendant had filed a motion in at least one of the eases to suppress “all evidence in the nature of statements made by him as substantially embraced in the repealed provision of Acts 1975, No. 1205, § 5-125,” which the court denied.
On the trial of Case No. 1598, the corpus delicti of the alleged crime was established by the testimony of the owner of the property involved. Officer Jackson Dove, Jr., a “Juvenile Specialist Degree Police Officer,” testified at length to a confession by defendant. In Case No. 81-1605, the following statements were made by counsel for the State and counsel for defendant respectively:
“MR. CHERRY: Judge, I believe in Case No. 81-1605 there is going to be a stipulation by the defense that the State could make out a prima facie case on the Burglary Third portion of the indictment.
“MR. BROWN: In that, the case to be made out would be testimony from the victim as to the value, we’ll stipulate to that. And we’ll stipulate to the fact that a confession of the Defendant — the testimony would be from Officer Dove a confession of the Defendant; we stipulate that that would make out a prima facie case to the State.
*466 “We do not plead guilty to the case, we simply stipulate that they make out a prima facie case, and that’s what the case would be, and we waive the jury trial, and we submit it to the Court for decision on that stipulation, noting that the Defendant plans to take an appeal based on his motion to suppress that confession.”
In joining issue on whether the trial court was in error in overruling defendant’s motion to suppress, the parties on appeal apparently agree that the pivotal question for decision, the only one as to which there is any disagreement, is: Is the application of Acts 1981, No. 81-344, effective April 29, 1981, repealing Acts 1975, No. 1205, § 5-125, so as to make admissible on the hearing or trial of these cases a confession made by defendant prior to April 29,1981, prohibited by the provision against ex post facto laws of Art. I, § 10, Constitution of the United States and of Art. I, § 22, Constitution of Alabama of 1901? We proceed to a determination of that question, as to which no authority directly in point has been cited, and we have found none.
A categorization of laws that are ex post facto laws, to which substantially all courts and law writers who have extensively covered the subject refer, is found in the opinion of Justice Chace in Calder v. Bull, 3 (Dall.) U.S. 386, 1 L.Ed. 648-650 (1798). It is thus synonymously stated, with citations of authorities as to each separate category:
“... An ex post facto law is one which makes criminal and punishes an act which was done before the passage of the law and which was innocent when done, aggravates a crime or makes it greater than it was when committed, changes the punishment and inflicts a greater punishment than was prescribed when the crime was committed, or alters the legal rules of evidence and receives less or different testimony than was required to convict at the time the offense was committed.”
16A C.J.S. Constitutional Law.
§ 435, pp. 140-141.
It would seem therefrom that a decision on whether the particular law under consideration is ex post facto if retroactively applied would turn on whether it falls into the fourth category of Calder v. Bull, supra, that is whether it “alters the legal rules of evidence and receives less or different testimony than was required to convict at the time the offense was committed.” We next consider that question particularly.
One of the cases cited in the quoted part of Corpus Juris Secundum as to the fourth category is Griggs v. State, 37 Ala.App. 605, 73 So.2d 382 (1954), in which it was held that a statute that intervened between an alleged crime and the trial therefor and made the possession of a federal wagering tax receipt, without explanation, presumptive or prima facie evidence of a violation of Alabama’s then anti-gambling laws, was not an ex post facto law. In the opinion in Griggs v. State, by Judge Harwood, after-wards Justice Harwood of the Alabama Supreme Court, he relied largely upon Hopt v. Utah, 110 U.S. 574, 4 S.Ct. 202, 210, 28 L.Ed. 262 (1884), which held that a statute permitting the establishment of a crime by the testimony of certain classes of witnesses who at the time of the crime were incompetent to testify did not constitute ex post facto legislation. There was reliance in Griggs also upon Wester v. State, 142 Ala. 56, 38 So. 1010 (1905), which held that a statute enacted between the crime charged and the trial that removed the previous barrier to a wife’s testimony against her husband was not ex post facto. Gamble, McElroy’s Alabama Evidence, § 8.01 (1977), under the heading of “Legislative Authority to Change Rules of Evidence,” contains a splendid treatment of the subject with a comprehensive citation of Alabama cases. Although closely related to the question now before us, we find nothing in Calder v. Bull, Hopt v. Utah, Griggs v. State, Wester v. State, all supra, or in any of the authorities cited in § 8.01 of Gamble, McElroy’s Alabama Evidence, that requires a conclusion that the statute now under consideration is not ex post facto legislation if and when it is sought to be applied to the confession of a crime that was made before the *467 statute was enacted, as it was in the case sub judice.
In Wigmore on Evidence, § 7 (3d Edition), we find severe criticism of the inclusion of the fourth category of the kinds of ex post facto laws stated in Calder v. Bull, the author stating therein:
“... [I]t was once suggested that the constitutional provisions against ex post facto laws changing vested rights might apply to some rules of Evidence. But this opinion is now generally repudiated; even in the jurisdiction where it first made its appearance.”
However, cited as contra in Dean Wig-more’s criticism is Hart v. State, 40 Ala. 32 (1866), in which there was the reversal of a conviction for a misdemeanor. The only witness for the State was an accomplice of the defendant in the commission of the crime. At the time of the commission of the crime, there was a statute that prohibited a conviction for any crime on the uncorroborated testimony of an accomplice, but after the commission of the misdemeanor, the statute was amended by an Act that provided that the applicable section of the then effective Code “shall not extend to trial on indictments for misdemeanors.” In the two to one opinion, the court said:
“A construction which gives to the statute a retrospective effect, has always been esteemed odious, and will never be indulged unless the language employed requires it. Such statutes are justly considered as violative of every sound principle. — Dwarris on Statutes, 681; Shepherd’s Digest, p. 745, § 17. Besides, to give to the act of December, 1863 retroactive effect, would make it an ex-post-fac-to law, within the meaning of the Constitution. We are constrained to hold it can have no such effect. It follows that the circuit court erred in rendering judgment against the defendant, on the demurrer to the evidence.”
The majority opinion in Turley v. State, Ala.Cr.App., 356 So.2d 1238 (1978), not cited by either party in the instant case, affords some support for the position taken by ap-pellee herein, in that it tends to question the soundness of the reliance in Hart v. State, supra, upon the fourth group of ex post facto laws set forth in Calder v. Bull, supra. It was held in Turley v. State, supra, in which the defendant was convicted of rape, that a law that was enacted between the date of the commission of the offense and the trial of defendant that restricted the right of defendant, which he would have had before the passage of the law, to introduce evidence of prior sexual intercourse between the alleged victim of the rape and the defendant, did not constitute an ex post facto law and that in accordance with such law the trial court was not in error in determining that such evidence offered by the defendant, was inadmissible. The minority opinion was not in disagreement with the majority in its conclusion as to whether the law was an ex post facto law, it being stated in the dissenting opinion at 356 So.2d 1245:
“... However, neither the Legislature nor a trial judge may deprive a defendant in a criminal case of his constitutional right to give relevant testimony in his own behalf or to cross-examine witnesses against him on relevant matters. Article I, § 6, Constitution of Alabama of 1901.”
The eminence of Dean Wigmore deters us from hasty disagreement with his scholarly disagreement with the delineation in Calder v. Bull, supra, of its fourth group of ex post facto laws. It is to be noted, however, that he observes in § 7(2)(a) that certain “rules of formality or procedure or even of clearly substantive law” have “sometimes been discussed in terms of Evidence” by authorities writing on the subject of ex post facto legislation. The author states also in § 7(b):
“A rule of substantive law involving a property right may be protected by the Constitution, and thus a statute which in effect infringes that right may be invalid, even though it is expressed in terms of a rule of evidence: for example, a statute declaring a tax collector’s deed of land sold for taxes to be conclusive evidence of due transfer of title may be ineffective as violating the rules that property shall not *468 be taken without due process of law (post, §§ 1353, 1354). In this case the invalidity is due to the feature, not that it is the rule of evidence, but that it is a rule of substantive law.”
We are impressed by the view that not all statutes purporting to change any rule or principles of evidence are “void of any offense” to substantive rights and that not all substantive rights are embraced within the combination of contract rights and property rights. With this in mind, we study the repealed legislation and the unrepealed context of immensely broader legislation enacted by Acts 1975, No. 1205 and now codified in Code 1975, §§ 12-15-1 to 12-15-120, under the caption of JUVENILE PROCEEDINGS. It is highly significant and important, we think, that there is no reference in the repealed section of the Juvenile Proceedings Act to the word “evidence,” or to the term “admissibility in evidence” or the like.
An acceptance of the stated principle by Dean Wigmore at § 7, p. 212, that “There can be no vested right in a rule of Evidence” does not require the acceptance of any notion to the effect that a change in the law as to vested rights does not constitute ex post facto legislation merely because it so happens that the change purports to work a change also in an existing principle or rule of evidence. We look to language of the particular section of the Code that was repealed, § 12-15-67, its context, and the environs of the codified Act of which it was a section (§ 5-125 of Acts 1975, No. 1205). The words, “shall not be used” instead of the words “shall not be admitted in evidence” indicate that something in addition to the question of the admissibility of a child’s statement is involved.
Impressive throughout the multi-section chapter bearing the caption “JUVENILE PROCEEDINGS” is the manifest intent of the Legislature to protect children against the misuse of documents, particularly records of inculpatory statements. The Legislature thereby placed its stamp of confidentiality on such statements to the extent not only that they could not be admitted in evidence but also that they could not be “used” in any way prior to the determination of a juvenile proceeding against the child or prior to the conviction of the child. The right thereby given was chiefly one given to the child making the statement. We cannot lightly ignore that right, a right more important at times than many property rights. As long as the law that guaranteed that right remained effective, the child had the right to rely upon the law in making any statement covered by the law.
The Comment to Rule 19 of the Alabama Rules of Juvenile Procedure, adopted October 14, 1976, effective January 16, 1977, states:
“The concern for protection of confidentiality of juvenile court records is prevalent throughout Chapter 15 of Title 12 of the Code of Alabama. This rule permits local rules to further such protection where local law enforcement procedure may vary. Approval for all such local rules shall enable uniformity to be maintained wherever possible.”
Perhaps the criticism by Professor Wig-more of the fourth group of ex post facto laws pronounced in Calder v. Bull, supra, is directed chiefly to the comprehensiveness of the category in summarizing the laws as “legal rules of evidence” that permit the receipt of “less or different testimony than was required to convict at the time the offense was committed,” which is substantially duplicated in the first sentence of the following:
“Changes in the law of evidence making it easier to prove guilt than was the case when an offense was committed is obviously prejudicial to the interests of the accused. Repeal of a law making certain evidence inadmissible is ex post facto to offenses committed prior to the repealing act. But an act of Congress restricting access by the defendant to confidential files of the Federal Bureau of Investigation for the purpose of impeaching prosecution witnesses, was not held to be ex post facto. Nor was it ex post facto to provide for admission of evidence on de *469 fendant’s history and background, in mitigation or aggravation of the penalty, even though such evidence would have been inadmissible under the law as it stood at the time the offense was committed.
“Statutes enlarging the class of persons competent to testify in a criminal trial do not deprive the accused of substantial rights. It is also held that an amendment giving a court power to comment on the evidence is not subject to ex post facto attack.”
Sands, Sutherland Statutory Construction. 4th Ed. (1973)
It is to be observed from a consideration of the larger number of cases cited in Wigmore holding particular legislative changes as to rules or principles of evidence intervening between the commission of a crime and the trial therefor were not ex post facto laws and the much smaller number holding they were, as well as from an examination of the cases cited by Professor Sands in Sutherland Statutory Construction, that the distinction between the results is accountable for generally by whether a particular statute under consideration did more than change a rule of evidence. Without disagreeing with the results in the larger number of cases on the subject holding the law involved was not ex post facto, we herein join the smaller number. We find that the repealing statute under consideration, when applied to the confession of defendant herein at the time he made the confession, was ex post facto legislation in its infringement upon the right of the defendant to the confidential status of the confession at the time he made it.
We note also that there has been apparently overlooked by all concerned an unre-pealed provision of Code 1975, § 12-15-66(b) which provides:
“... An extrajudicial admission or confession made by the child out of court is insufficient to support a finding that the child committed the acts alleged in the petition unless it is corroborated by other evidence.”
Although in each case before us there was actual or stipulated evidence by the victim of the crime sufficient to establish the corpus delicti, the only evidence that defendant committed the offense is to be found in his confession. An affirmance in either case would be inconsistent with Code 1975, § 12-15-66(b).
The judgment in each of the cases (CC No. 81-1598 and No. 81-1605) should be reversed and the cause remanded.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
REVERSED AND REMANDED.
All the Judges concur, except DeCARLO, J., who dissents without an opinion.